UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THOMAS BAKER, SEAN BAILEY, NICOLE BOLDEN, ALLISON NELSON, MEREDITH WALKER, individually and on behalf of all others similarly situated, | Case No.: 4:16-cv-1693 |
| Plaintiffs, | **JURY TRIAL DEMANDED** |
| vs. | |
| CITY OF FLORISSANT, MISSOURI, | |
| Defendant. | |

**REPLY MEMORANDUM
IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Defendant City of Florissant offers its reply memorandum in support of its motion to dismiss all of Plaintiff's counts against it (Plaintiff's First Amended Class Action Complaint [Doc. No. 16]) pursuant to Fed. R. Civ. Proc. 8(a), 10(b), 12(f), and 12(b)(1), (6); and alternatively, for a more definite statement pursuant to Rule 12(e).

**I. INTRODUCTION**

The Plaintiffs' response to the City's motion to dismiss begins with the statement that the City of Florissant "makes no serious argument" over the facts which Plaintiffs pleads give rise to their constitutional claims. Like their Complaint, this statement appears to be directed at an audience other than this Court, particularly given the procedural reality that the Plaintiffs are at this stage entitled to a presumption of truth in their pleadings. See generally *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). The Plaintiffs then dismiss the City of Florissant's challenge to their pleadings as "rote" or lacking seriousness because similar arguments have been made in other similar suits in this district. Indeed, the City of Florissant

1

readily acknowledges that these same arguments have been raised in multiple other several similar suits filed by these Plaintiffs' attorneys.

However, that these arguments have been made before, regardless of how they have been received at the district level, is not a sound basis for denying them due consideration. The City's defenses are based on sound law, much of which is derived from the United States Courts of Appeals. The Plaintiffs' arguments in response do not adequately address the deficiencies in their own pleadings, despite enjoying the considerable benefit of a favorable construction those pleadings. *See Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 597 (8th Cir. 2009). Consideration of those argued deficiencies in light of the controlling law alone should guide this Court's decision with respect to the pending motion to dismiss. Upon such review, the Defendant's motion to dismiss [Doc. No. 22] should be granted.

## ARGUMENT

I. **The First Amended Complaint does not satisfy federal pleading requirements.**

   A. **The First Amended Complaint does not comply with Rule 8.**

Plaintiffs are correct that the City "hopes" that the Court will compel them to conform their Complaint to Rule 8. However, the Plaintiffs' attempt to characterize their lack of succinctness with an attention to detail or assertion of a complex claim is unconvincing upon a simple reading of the Complaint. Moreover, that the Plaintiffs assert their Complaint must merely *contain* a short and plain statement is practically beyond response, emphasizing a reading of the rule that defies common sense.

Even recognizing that a complaint may be lengthy on account of "multiparty, multiclaim" litigation does not excuse the dearth of succinctness in the First Amended Complaint in this case [Doc. No. 16]. The Plaintiffs' reliance upon the 2nd and 7th Circuit authority cited offers the Court nothing that it cannot evaluate upon its own reading of the First Amended Complaint.

Where a Complaint is "needlessly long, repetitious and confused," a complaint fails to comply with Rule 8(b). *See Michaelis v. Nebraska State Bar Ass'n*, 717 F.2d 437, 439 (8th Cir. 1983). Such is the case at bar.

### B. The First Amended Complaint does not comply with Rule 10.

Plaintiffs, in a tortured attempt at clever juxtaposition, assert that the Defendant's argument that the complaint fails to comply with Rule 10 is a mere matter of the Complaint alleging too few facts, while the Defendant's Rule 8 argument asserts that the Complaint contains too many. This hyper-truncated and inaccurate presentation of the Defendant's argument offers nothing to illuminate how the Amended Complaint is organized according to discrete facts in numbered paragraphs. The Plaintiffs should be able to craft a complaint that complies with *both* Rule 8 and 10; the present Complaint does not.

### C. The First Amended Complaint includes redundant, immaterial, impertinent, and scandalous matters, where Plaintiffs should be ordered to replead.

Plaintiffs do not advance arguments meeting the substance of Defendant's Memorandum in Support that the First Amended Complaint is replete with redundant, immaterial, impertinent, and scandalous matters. Aside from overt attempts at clever turns of phrase, the Plaintiffs offer nothing to explain how alleging facts that have no nexus with the claims asserted should not be stricken under Rule 12(f). Accordingly, Defendant relies upon the above and the remarks made in its Memorandum in Support [Doc. No. 23].

## II. The First Amended Complaint fails to state claim upon which relief may be granted under 42 U.S.C. § 1983.

The Plaintiffs assert that their basis for *Monell* liability flows from the establishment of unconstitutional customs and practices. They argue that the actions of the municipal court are attributable to the municipality to establish the customs and practices critical to their *Monell* claim. The Plaintiffs have, in their response, argued that they "do not allege that the municipal

court is a policymaker." [Doc. No. 31 p.10]. Rather, they contend, the City unconstitutionally arrests individuals on failure to appear warrants without inquiring into their ability to pay, do nothing to ensure that people and not jailed unconstitutionally, and did so to the injury of such people. [Doc. No. 31 p. 10].

The Plaintiffs' argument presents an irreconcilable dichotomy of asserting that the City, has so acted on its own volition, independently from the influence or direction of the municipal court, while at the same time asserting that the City is bound to a custom that is nevertheless attributable solely to the function and enforcement of the judicial process. The Defendant maintains that the Plaintiffs' allegations are inside the judicial process, not outside, such that the complained of activity is attributable to the judge and clerical staff (parts of the division of the Circuit Court of St. Louis County, Missouri). This judicial process is not attributable to the City of Florissant, despite the Plaintiffs' effort to argue for municipal control over the court based on, e.g., its ability to set salaries and bare conjecture regarding the ability to pass ordinances or take other unspecified executive action. The Plaintiffs have cited no law supporting their bare assertion that the City of Florissant's "acquies[cence] in such practices perpetrated by their municipal court judge…creates a separate and independent basis for finding municipal liability in this case" against the City of Florissant [Doc. No. 31 p. 11].

**A. The First Amended Complaint speaks to actions and inactions by the municipal courts and the municipal court staff as divisions of the Circuit Court of St. Louis County, Missouri, and therefore fails to state a claim upon which relief may be granted pursuant to 42 U.S.C. § 1983.**

In support of their several counts, the plaintiffs attempt to attribute the practices of the distinct municipal court to the municipality. Each such effort fails.

1. **Count I: Imprisonment for Inability to Pay**

The Plaintiffs claim that their Count I states a claim simply because they allege that the City, and not the municipal court alone, collected debts from money judgments arising from arrests and incarcerations upon failure to pay warrants. [Doc. No. 31 p. 12]. In support, Plaintiffs cite to portions of their Complaint alleging instructions received from court clerks, citations issues by officers and arrests for failure to appear, and the negotiation of payments under "threat" of continued confinement. These alleged facts do not give rise to actionable claims.

Plaintiffs complaints of court clerk instructions regarding potential incarceration is not an actionable theory. Police officers' issuing citations from facially valid warrants is not actionable. Prosecuting attorneys do not, as a matter of Missouri law, collect old money judgments, and agreeing to accept less money for bond payment than what is issued by the judge similarly is not an actionable theory. Plaintiffs' arguments otherwise [Doc. No. 31 p. 13] are inapposite.

Moreover, Defendant, as a matter of state law, does not control the legal determinations of the municipal court (*see Granda v. City of St. Louis*, 472 F.3d 565, 569 (8th Cir. 2007)), and the jails receive payment to transfer bonds to the court clerk. Mo. Sup. Ct. R. 37.24. Plaintiffs have not, despite their contentions, alleged any direct link between practices or policies attributable to the City of Florissant itself under 42 U.S.C. § 1983.[1]

2. **Count II: Failure to Provide Adequate Counsel**

Plaintiffs argue that the City's argument that it is not responsible for Plaintiffs' allegations of a failure to provide counsel "ignores every foundational principle of municipal

---

[1] Plaintiffs appear [in Doc. No. 31 FN 5] to include a miscite R.S.Mo. § 470.080 regarding money going into "Defendant's coffers." Defendant anticipates Plaintiffs intended to cite to R.S.Mo. § 479.080.1, where the official collecting fines shall pay the municipal treasurer the full amount for those fines collected during the preceding month. This in no way transforms the complained of court actions into acts attributable to Defendant under 42 U.S.C. § 1983, nor do Plaintiffs sufficiently cite to any case law suggesting it does. If a prosecutor, police, jail officer, or other municipal official acted unlawfully, the municipal court had the power, as a division of the Circuit Court, to find in favor of the alleged ordinance violator or otherwise hold an ordinance unconstitutional.

liability," and then proceed to cite two out of state district court cases and a 6th circuit opinion in support of that proposition. In any event, Plaintiffs cite to no constitutional provision that Defendant has an obligation to appoint counsel. Plaintiffs have not alleged ineffective assistance of counsel due to any action or inaction attributable to the Defendant, but a failure to initially appointment counsel.

Whether the failure to appoint counsel to an allegedly indigent individual is attributable to the municipality is squarely addressed and rejected in *Eggar v. City of Livingston*, 40 F.3d 312, 313–15 (9th Cir. 1994). Plaintiffs have failed to state a cause of action upon which relief may be granted under 42 U.S.C. § 1983.

### 3. Count III: Indefinite and Arbitrary Detention

Plaintiffs' response adds nothing to this argument than has already been briefed before this Court. Defendant therefore relies on the remainder of this reply and its motion to dismiss and supporting memorandum.

### 4. Count V: Threats of Incarceration to Collect Debts

Without any reference to their Complaint, the Plaintiffs assert that they have alleged a debt collection scheme attributable to the City notwithstanding the issuance of warrants and the authority for assessing and enforcing fines emanating from the municipal court pursuant to statutory and judicial authority. Again, the Plaintiffs ignore or diminish the role of the separate court in a contorted effort to create the illusion of a lack of process that can be attributed to the City itself.

Individuals incarcerated pursuant to bond face continued incarceration unless and until they post bond (if bond is issued). The threat of continued incarceration in the face of failure to pay bond where bond is issued is not unconstitutional; it is the way bond operates and draws its

operation from its roots in English common law. *See U.S. v. Salerno*, 481 U.S. 739, 754 (1987); *U.S. v. Edwards*, 430 A.2d 1321, 1326 (C.D.C. 1981) (history of bail); *State v. Jackson*, 384 S.W.3d 208, 215 (Mo. banc 2012) (Missouri bond). The operation of bail/bond cannot, as a matter of law, shock the conscience. *See id.* Detention pursuant to a bond issued at the direction of the municipal court is not an action attributable to the Defendant. Detention of individuals pursuant to a warrant and a bond issued by the court is not actionable under 42 U.S.C. § 1983. *Woods v. City of Michigan City, Ind.*, 940 F.2d 275, 279 (7th Cir. 1991) (judge issuing bond schedule was not final policymaker for county or city following said schedule).

   5. **Count VI: Issuance of Invalid Warrants**

The issuance of warrants is a function of the municipal judge in his or her judicial capacity, and not as the final policymaker of the city in which he or she sits. *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1189–90 (10th Cir. 2003). The Plaintiffs attempt to distinguish *Ledbetter* by limiting its application to circumstances where the issuance of warrants was done by a single judge, yet provide no authority for how this functional analysis differs under any other circumstance. The Plaintiffs fail, for instance, to allege any circumstance by which a warrant issues without the authority of the municipal court. Further, the execution of a facially valid warrant does not alone give rise to claim of a constitutional violation. *See Wright v. U.S.*, 813 F.3d 689, 699 (8th Cir. 2015) (*citing Baker v. McCollan*, 443 U.S. 137, 145–46 (1979) ("Given the requirements that arrests be made only on probable cause and that one detained be accorded a speedy trial, we do not think a sheriff executing an arrest warrant is required by the Constitution to investigate independently every claim of innocence. . ."); *see also Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998) ("Thus, we recognized implicitly that a claim for false arrest may be considered only when no arrest warrant has been obtained."); *Parsons v. McCann*, 138

7

F.Supp.3d 1086, 1107 (D. Neb. 2015) (*citing Fair v. Fulbright*, 844 F.2d 567, 569 (8th Cir. 1988) ("An arrest executed pursuant to a facially valid warrant generally does not give rise to a cause of action under 42 U.S.C. § 1983 against the arresting officer.").

### 6. Count VII: Extended Detention Without Neutral Finding of Probable Cause

Plaintiffs' response adds nothing to this argument than has already been briefed before this Court. Defendant therefore relies on the remainder of this reply and its motion to dismiss and supporting memorandum.

In sum, Missouri law does not allow a municipality to review or amend the judicial decisions of a municipal judge. Thus, any action or inaction cannot be the moving force behind any alleged constitutional violation. *See Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999) (" The plaintiff['s] injury by acts pursuant to the governmental entity's custom, *i.e.*, [proof] that the custom was the moving force behind the constitutional violation"). This argument has been rejected. *See, e.g., Eggar*, 40 F.3d at 315 ("Most importantly, the [district] court emphasized that because the City had no control over Judge Travis in his judicial capacity, it had no power to authorize or ratify his conduct and thus could not be responsible for his acts."); *Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992) (defining official policy as including a custom and stating, "We have repeatedly held, however, that a municipal judge acting in his or her judicial capacity to enforce state law does not act as a municipal official or lawmaker.").

### B. Conditions of Confinement

Plaintiffs' response adds nothing to this argument than has already been briefed before this Court. Defendant therefore relies on the remainder of this reply and its motion to dismiss and supporting memorandum.

**C. Equal Protection**

Plaintiffs cite to *James v. Strange*, in support of their argument regarding their purported Equal Protection claim. 407 U.S. 128 (1972).[2] *James* is distinguishable as it invokes an Equal Protection analysis regarding a civil cause of action for recoupment of counsel fees and expenditures paid for indigent defendants. *Id.* at 132. The Kansas statute under review did not provide the indigent defendant exemptions available to other judgment debtors under the Kansas Code of Civil Procedure except for the homestead exception. *Id.* at 130. Specifically, the plaintiffs in *James* specifically argued the statute "has attempted to treat them (indigent defendants) the same as would any civil judgment debtor be treated in State courts. . . ." *Id.* at 134. The Court then discusses treatment of indigent defendants "with other civil debtors." *Id.* at 135.

Plaintiffs have not alleged the elements of an Equal Protection claim. Despite the citations in their response, they have not pleaded a statute, such as the Kansas statute, where indigent individuals are treated dissimilarly from other similarly situated individuals. Missouri

---

[2] Plaintiffs' other citations are inapplicable to the allegations in this case, as the cited cases pertain to civil recoupment measures based on civil procedure and remedies.

Plaintiffs cite to *Fuller v. Oregon*, 417 U.S. 40, 47 (1974). *Fuller* is similarly distinguishable as it pertains to an Oregon condition of probation that a petitioner reimburse the county for fees and expenses of an attorney and investigator whose services had been provided because of the defendant's indigent status. *Id.* at 41–42.

Plaintiffs cite to *Olson v. James*, 603 F.2d 150, 154 (10th Cir. 1979). *Olson* analyzes a Kansas statute creating civil liability and procedure to the State of Kansas for payouts made to an indigent defendant. *Id.* at 152.

Plaintiffs cite to *United States v. Bracewell*, 569 F.2d 1194, 1198–1200 (2d Cir. 1978). *Bracewell* is another matter regarding the reimbursement process of the court-appointed defense attorney in connection with the seizure of funds. *Id.* at 1197–98.

Plaintiffs cite to *Alexander v. Johnson*, 742 F.2d 117, 124 (4th Cir. 1984). *Alexander* pertained to an action based upon 42 U.S.C. § 1983 challenging the State of North Carolina's Parole Commission and Secretary of Department of Corrections' practice requiring indigent inmates to make restitution for costs of court appointed counsel as a condition of parole. *Id.* at 118–19.

statute speaks to the nature of the fine in a criminal realm, enabling the court or prosecuting attorney to require the plaintiff to show cause "why he should not be imprisoned for nonpayment." R.S.Mo. § 560.031.1. Section five of the statute provides, "Upon default in the payment of a fine or any installment thereof, the fine **may** be collected by any means authorized for the enforcement of money judgments." Plaintiffs have not alleged any exemption is available to non-indigent defendants, but not to indigent defendants, as was analyzed in *James*.

**III.     Plaintiffs' request for injunctive relief should be dismissed.**

Plaintiffs have requested "[a]n order and judgment permanently enjoining Defendant from enforcing the above-described unconstitutional policies and practices against Plaintiff" [Doc. No. 16 p. 51]. Plaintiffs have failed to plead a claim for this relief.

**A. Plaintiffs have not met constitutional and prudential standing pleading requirements.**

First, Plaintiffs have failed to allege facts conferring standing regarding whether the Court will issue a warrant, whether the police will execute such a warrant, the duration of incarceration pursuant to a warrant, whether the Court will appoint counsel, whether Plaintiffs will qualify as indigent at such a time, what methods the Court may or may not use to collect any of the alleged fines/court costs, etc. These are all questions of standing which Plaintiffs must prove to survive dismissal.

Plaintiffs cannot show they will encounter these alleged occurrences, with any certainty, as it is "to be assumed that [plaintiffs] will conduct their activities within the law and so avoid prosecution and conviction as well as exposure to the challenged course of conduct said to be followed by" Defendant. *Los Angeles v. Lyons*, 461 U.S. 95, 103 (1983). Plaintiffs' attempt to distinguish this requirement is to no avail. *See id.* at 109 ("Lyons' lack of standing does not rest on the termination of the police practice but on the speculative nature of his claim that he will again experience injury as the result of that practice even if continued."). The Ninth Circuit has

rejected standing based on a hypothetical, speculative injury in detail. *Eggar*, 40 F.3d at 316–17 ("However, even if this claim had been properly raised, it basically overlooks that the City has no control over the state judicial functions of Judge Travis. . . Whether Eggar or Nuttbrock will commit future crimes in the City, be indigent, plead guilty, and be sentenced to jail is speculative.").

Second, Defendant's argument regarding Missouri state law and its inability to control judges with respect to their rulings is not "an irresponsible and flippant ploy" as Plaintiffs have crassly contended. [Doc. No. 31 p.27]. Plaintiffs appear to point to a non-party, the City of Ferguson, in alleging a consent decree somehow confers standing upon Plaintiffs to raise this suit. This Consent Decree is neither binding on this Court, nor is it instructive as to the issues presently before this Court. What the City of Ferguson and the Department of Justice agreed to in a Consent Decree cannot affect the subject matter jurisdiction in this matter, which is highly contended.

Third, Defendant's argument regarding prudential standing is valid. A fear of "being stopped, arrested, and imprisoned again" is the exact kind of allegation *Lyons* and *Eggar* determined was insufficient to confer standing.

Finally, Plaintiffs' arguments regarding ripeness and whether their claims present a "threat of specific future harm" are addressed above by Defendant. Again, the Plaintiffs rely on speculation and hypotheticals.

**B. Plaintiffs have not sufficiently alleged the elements for a permanent injunction.**

Plaintiffs state injunctive relief is a remedy, not a cause of action. [Doc. No. 31 p. 32]. Defendant agrees. This does not relieve Plaintiffs from the obligation to properly plead such requests that, if assumed to be true, would entitle Plaintiffs to the relief of an injunction. *Gates v.*

*City of Lebanon*, No. 08-3293-CV-S-ODS, 2009 WL 2408347, at *2 (W.D. Mo. Aug. 4, 2009) ("Plaintiff must plead sufficient facts to demonstrate he has standing to seek injunctive relief.") (*citing Smook v. Minnehaha County*, 457 F.3d 806, 816 (8th Cir.2006)).

Plaintiffs fail to adequately challenge Defendant's argument that Plaintiffs failed to sufficiently plead the elements, and that such a remedy is not available as a matter of law based on the way it has been pleaded.

**C. Granting injunctive relief violates principles of federalism.**

Plaintiffs argue their request for an injunction is to "enjoin Defendant from violating [their] specific constitutional rights and the constitutional rights of others similarly situated" [Doc. No. 31 p. 33], without further explanation as to what this Court could potentially include in any such injunction. Plaintiffs have failed to sufficiently address Defendant's argument regarding federalism.

First, concerns of federalism were not only applied in *Rizzo*, but also in *O'Shea* and *Lyons*. *See Brown v. City of Ferguson*, No. 4:15CV00831 ERW, 2015 WL 8313796, at *7–8 (E.D. Mo. Dec. 9, 2015). The Supreme Court's considerations of federalism are not limited, as Plaintiffs suggest, to "a general right held by the citizenry[,]" and Plaintiffs' contention they "assert their own constitutional rights," is not dispositive on this issue.

> For example, the Supreme Court has held:
> 
> It is the role of courts to provide relief to claimants, in individual or class actions, who have suffered, or will imminently suffer, actual harm; it is not the role of courts, but that of the political branches, to shape the institutions of government in such fashion as to comply with the laws and the Constitution.

*Elizabeth M. v. Montenez*, 458 F.3d 779, 787–88 (8th Cir. 2006) (quoting *Lewis v. Casey*, 518 U.S. 343, 349 (1996)).

Plaintiffs contend the U.S. Supreme Court in *Lyons* held concerns of federalism were not implicated. [Doc. No. 31 p. 33]. Plaintiffs failed to point out their citation was to Justice Thurgood Marshall's dissent. *See Lyons*, 461 U.S. at 133 (J. Marshall, dissenting). In fact, the majority was critical of the Court of Appeals for failing to apply factors, including principles of "equity, comity and federalism," and holding it erred in finding the district court did not abuse its discretion in entering an injunction in the case. *Id.* at 113. Plaintiff's argument is therefore without merit, and concerns of federalism should persuade this Court to dismiss Plaintiffs' requests for injunctive relief. *See Brown v. City of Ferguson, Missouri*, No. 4:15CV00831 ERW, 2015 WL 8313796, at *4 (E.D. Mo. Dec. 9, 2015).

**IV.     Plaintiffs are not entitled to separate declaratory relief.**

Plaintiffs' response adds nothing to this argument other than has already been briefed before this Court. Defendant therefore relies on the remainder of this reply and its motion to dismiss and supporting memorandum.

**CONCLUSION**

For the reasons stated above and in its Memorandum in Support [Doc. No. 22] this Court should grant Defendant's Motion to Dismiss [Doc. No. 23], in full.

WHEREFORE, Defendant City of Florissant respectfully request this Court grant its Motion to Dismiss, for costs, and for such other relief this Court deems just and proper.

Respectfully Submitted,

KING, KREHBIEL & HELLMICH, LLC

By: ___*/s/ Blake D. Hill*___
    William A. Hellmich #31182MO
    Blake D. Hill   #58926MO
    2000 South Hanley Road
    St. Louis, MO  63144-1524
    Phone: 314-646-1110
    Fax:     314-646-1122
    E-mail:bhill@kingkrehbiel.com
*Attorneys for Defendant City of Florissant, MO*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 31st day of March 2017 a true and accurate copy of the foregoing was served via the Court's electronic filing system to all counsel of record.

___*/s/ Blake D. Hill*___