UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS BAKER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:16-CV-1693 NAB |
| | ) | |
| CITY OF FLORISSANT, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' motion to reconsider and to correct the record (Doc. 160), Defendant's motion for contempt (Doc. 173), Defendant's motion to shorten time for Plaintiffs to respond (Doc. 174), and Plaintiffs' motion for leave to file sur-reply (Doc. 183). This matter is pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c). For the reasons that follow, the Court grants in part and denies in part Plaintiffs' motion to reconsider, denies Defendant's motion for contempt and motion to shorten time, and grants Plaintiffs' motion for leave to file sur-reply.

**I.     Background**

Plaintiffs filed this "debtors' prison" action as a purported class action under Rule 23 against the Defendant City of Florissant. Plaintiffs asserted seven claims arising out of the Defendant's policies and practices of jailing them for failure to pay fines owed from traffic and other minor offenses. Plaintiffs' operative complaint includes five named plaintiffs and four proposed classes ("Original Classes"). (First Amended Complaint, Doc. 16.)

Plaintiffs previously moved for leave to file a second amended complaint. The proposed second amended complaint contained several changes and additions, including seven proposed

classes. The proposed seven modified classes reconfigured and added to the four Original Classes contained in the operative complaint. On May 6, 2020, the Court granted in part and denied in part Plaintiffs' motion for leave to file a second amended complaint. (Doc. 159.) In the Memorandum and Order, the Court granted Plaintiffs leave to amend a new complaint to correct demographical information of the Plaintiffs, including age, incarceration periods, fine amounts, incorrect dates, and any typographical errors. Plaintiffs were also granted leave to remove paragraphs that were no longer supported by the information revealed in discovery. The Court denied Plaintiffs leave to add Demetrice Davis as a plaintiff, reconfigure and add class categories, or add a claim under Mo. Rev. Stat. § 544.170. (Doc. 159.) As a basis for the denial, the Court found Plaintiffs failed to show good cause to reconfigure and add class categories. Specifically, the Court found Plaintiffs did not meet the most essential factor in that they did not demonstrate diligence in seeking the amendments. In so doing, the Court highlighted certain dates during discovery that could have alerted Plaintiffs of the need to amend the complaint.

On May 7, 2020, Plaintiffs filed a Motion to Reconsider and to Correct Record. (Doc. 160.) This motion seeks reconsideration regarding the Court's finding that Plaintiffs were not diligent with respect to refining class definitions. Plaintiffs also seek to modify the four Original Classes, now asking the Court to consider inclusion of five of Plaintiffs' seven modified classes. The motion to reconsider will be discussed in further detail below.

On May 21, 2020, Plaintiffs filed their motion for class certification. (Docs. 166-167.) In their motion, Plaintiffs seek certification of four of the seven modified classes[1] that were the subject of Plaintiffs' motion for leave to file a Second Amended Complaint, stating they believe

---

[1] Plaintiffs' amendments in the proposed second amended complaint included seven classes titled Class 1 through Class 7. In the motion for class certification, Plaintiffs abandon Classes 2, 6, and 7, and seek certification of four modified classes—Classes 1, 3, 4, and 5.

2

the Court's ruling as to the requested modified classes was based on factual error. Plaintiffs further assert that "at the certification stage, Plaintiffs (and the Court) are permitted to seek certification of modified versions of the class definitions in their original Complaint, which Plaintiffs seek to do here." (Doc. 167-1, at n.1.) Accordingly, Plaintiffs submitted alternate class definitions to the Court for certification, termed "Modified" and "Original" Classes, allegedly consisting of the same groups of individuals subject to Florissant's unconstitutional treatment. Plaintiffs assert that the only difference between the proposed classes is that the Modified Classes include smaller classes for each different jailing-based constitutional deprivation, whereas the Original Classes group the jailing violations together.

In response to Plaintiffs' motion to reconsider and motion for class certification, Defendant filed four motions. The first was a motion for a hearing, which the Court denied without prejudice. (Doc. 177.) The second was a motion for extension of time to file a response to Plaintiffs' motion for class certification, which the Court granted. (Doc. 182.) The third and fourth motions, a motion for contempt and a motion to shorten the time for Plaintiffs to respond to Defendant's motions[2] are presently before the Court. Defendant's motion to shorten the time for Plaintiffs to respond to Defendant's motions is DENIED as moot. (Doc. 174.)

In response to Defendant's motion for contempt, Plaintiffs filed an opposition, and Defendant filed a reply. (Docs. 178, 181.) Plaintiffs also filed a motion for leave to file sur-reply, asserting that Defendant's reply raises a new claim that is factually incorrect, and Plaintiffs seek leave to file the 1.5-page sur-reply attached to their motion. (Docs. 183, 183-1.) Defendant filed an opposition to Plaintiffs' motion for leave and addressed the substance of Plaintiffs' sur-reply in

---

[2] Specifically, Defendant's motion to shorten time sought an order directing Plaintiffs to respond within four days to a) Defendant's Motion for an Extension of Time to File Opposition to Plaintiff's Motion for Class Certification and b) Defendant's Motion for Contempt.

3

its opposition. (Doc. 184.) In the interest of full consideration of the parties' arguments on issues that remain open before the Court, Plaintiffs' motion for leave to file sur-reply is GRANTED. (Doc. 183.)

The Court will now address Plaintiffs' motion to reconsider and Defendant's motion for contempt.

## II.     Plaintiffs' Motion for Reconsideration (Doc. 160)

On May 7, 2020, Plaintiffs filed a Motion to Reconsider and to Correct Record. In the motion, Plaintiffs contend there is an error in the Memorandum and Order pertaining to the dates Plaintiffs' expert submitted his report and was deposed. The Memorandum and Order states that "Plaintiffs' expert, Arthur Olsen, submitted an expert report on December 10, 2018, and was deposed in February 2019." (Doc. 159, at 8.) Plaintiffs state Mr. Olsen's report was submitted on December 10, 2019, and he was then deposed in February 2020. Defendants do not dispute these corrected dates. Plaintiffs ask that "[t]o the extent the two-month timeframe—rather than 14 month timeframe—affects the Court's finding that Plaintiffs were not diligent with respect to refining the original class definitions to comport with the complete REJIS data," the Court reconsider this portion of the Memorandum and Order and allow Plaintiffs to modify their original class definitions to include proposed modified Classes 1 through 5.[3] The Court will deny this request. Alternatively, Plaintiffs ask the Court to correct the Order to reflect the correct dates of service of Mr. Olsen's report and deposition pursuant to Fed. R. Civ. P. 60(a). The Court will grant this request.

The Federal Rules of Civil Procedure do not mention motions for reconsideration. The United States Supreme Court has stated in regard to the reconsideration of orders that "as a rule,

---

[3] Plaintiffs specify that they do not seek reconsideration of the denial of leave to add Demetrice Davis as a plaintiff, the addition of proposed Classes 6 and 7, or the addition of a state-law claim.

courts should be loathe to [revisit prior decisions] in the absence of extraordinary circumstances...." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n.8 (1983)) (discussing law of the case doctrine). Reconsideration is appropriate to correct manifest errors of law or fact, or to present newly-discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3rd Cir. 1985) (citation omitted). A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issues to the Court. *See, e.g., Above the Belt, Inc. v. Mel Bohannon Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983).

Here, the Court finds no reason to reconsider its prior order. Although Plaintiffs are correct that the Court stated the incorrect date of Mr. Olsen's expert report and deposition in the Court's May 6, 2020 Memorandum and Order, the dates at issue do not change the Court's consideration and analysis of whether Plaintiffs may amend their complaint to reconfigure and add classes. Regardless of whether Mr. Olsen's report was disclosed in December 2018 or December 2019, Plaintiffs did not meet their burden to establish diligence in seeking leave to amend the class categories in the complaint. Moreover, as explained in the Memorandum and Order, "even if the Court had found good cause for Plaintiffs' delay in seeking amendment, the motion would still be denied based on prejudice to the Defendant." [4] (Doc. 159 at 14.) Accordingly, to the extent the motion seeks reconsideration of the Court's denial of leave to reconfigure and add class categories,

---

[4] The Court acknowledges that its analysis regarding unfair prejudice to the Defendant considered *all* of the changes and additions in the proposed second amended complaint and was not limited to reconfiguration of modified Classes 1 through 5 that are the subject of Plaintiffs' motion to reconsider. (*See* Doc. 159 at 13-14.) However, the Court will not reconsider the issue of prejudice on the narrowed scope here, as the parties have presented no significant change in the law or facts that would justify revisiting the issue.

the motion is DENIED. To the extent the motion seeks to correct the error in the dates Mr. Olsen submitted his expert report and was deposed, the motion to correct the record is GRANTED.[5]

### III. Defendant's Motion for Contempt (Doc. 173)

Defendant seeks an order holding Plaintiffs in contempt and/or for sanctions based on Plaintiffs' motion for class certification. Defendant argues that Plaintiffs' inclusion of four "Modified" classes and the four "Original" classes in the motion for class certification disregards the Court's May 6, 2020 Memorandum and Order denying Plaintiffs' request for leave to reconfigure and add classes. Defendant moves the Court to use its inherent authority to "fashion an appropriate sanction for conduct that abuses the judicial process." Defendant specifically seeks an order striking all references to Plaintiffs' "Modified Classes" in their Motion to Certify Class.[6]

The power to punish for contempt is inherent in all courts. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). "The party moving for contempt sanctions bears the burden of proving facts warranting a civil contempt order by clear and convincing evidence." *Chicago Truck Drivers v. Brotherhood Labor Leasing*, 207 F.3d 500, 504 (8th Cir. 2000). "A contempt order must be based on a party's failure to comply with a clear and specific underlying order." *Chaganti & Associates, P.C. v. Novotny*, 470 F.3d 1215, 1223 (8th Cir. 2006).

Defendant has failed to demonstrate by clear and convincing evidence that Plaintiffs' motion for class certification violates the Court's May 6, 2020 Memorandum and Order. Plaintiffs filed the motion for class certification after filing a motion to reconsider and to correct the record.

---

[5] Upon review of the May 6, 2020 Memorandum and Order, the Court identified an error in referring to proposed plaintiff Demetrice Davis as "Defendant Demitrious Davis." The Court will also correct this error in an Amended Memorandum and Order.

[6] Defendant has not filed a motion to strike or referenced the standard of relief in their pleading. Federal Rule of Civil Procedure 12(f) provides that "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Such an action is "an extreme measure," and such motions are disfavored and infrequently granted. *Stanbury Law Firm v. I.R.S.,* 221 F.3d 1059, 1963 (8th Cir. 2000). Accordingly, to the extent Defendant seeks to strike specific references in Plaintiffs' Motion for Class Certification, the Court denies this request.

Plaintiffs explain they had a good faith reason to seek reconsideration and clarification of the order denying leave to amend class categories in the complaint, as there was a factual error in the Memorandum and Order. Plaintiffs' motion to reconsider was pending at the time their motion for class certification was due. Rather than seek an amendment to the deadline to move for class certification, Plaintiffs moved for certification of four of the modified classes and the four Original classes in the alternative. (Docs. 178, 166-1.) Under these circumstances, it cannot be said Plaintiffs' proposal of modified classes and original classes in the alternative warrants a finding of contempt.

Second, Defendant has not established it is entitled to the specific relief it requests—an order that Plaintiffs may not seek certification of classes they were denied leave to include in their proposed second amended complaint. Plaintiffs seek certification of four of the seven classes they were denied leave to include in their proposed second amended complaint. Plaintiffs have provided legal authority to indicate that a plaintiff may ask the Court to certify classes with alternate definitions or definitions that do not match the operative complaint. *See, e.g., Walls v. Sagamore Ins. Co.*, 274 F.R.D. 243, 249 (W.D. Ark. 2011) (moving to certify classes in the alternative); *Bridgeview Health Care Ctr. Ltd. v. Clark*, 2011 WL 4628744, at *2 (N.D. Ill. Sept. 30, 2011) (rejecting defendant's argument that changes in Plaintiff's proposed class definition should preclude class certification); *Ireland v. Anderson*, 2016 WL 7324104 (D.N.D. August 29, 2016) (allowing a minor modification to a pleaded subclass). Defendant argues Plaintiffs cases are readily distinguishable, but provides no legal or factual authority to support Defendant's proposition that the classes certified must be the classes originally pled or that Plaintiffs' four modified classes expand the total class beyond those contemplated in the Original classes. Defendant argues that the four modified classes would result in 11,525 new putative class members

who were "not incarcerated for 'failing to pay fines, fees, etc.' and are not included in Plaintiffs' "Original" Jailed Class definition. (Doc. 181 at 3.) Plaintiffs argue that the four modified class they seek to have certified do not expand the total class size. (Doc. 178 at 8.) Neither party has set forth sufficient factual evidence to support their argument. While Plaintiffs will have to carry the burden in their class certification motion, here, it is Defendant's burden to establish by clear and convincing evidence that a contempt sanction is appropriate. Defendant has not met this burden. Defendant's motion for contempt is DENIED.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Reconsideration is **GRANTED in part** and **DENIED in part**. (Doc. 160.) The motion is **GRANTED** to the extent it seeks to correct a clerical error in the dates of Plaintiffs' expert report and deposition, and **DENIED** in all other respects.

**IT IS FURTHER ORDERED** that the Clerk of Court shall make a parenthetical notation after the docket text for the Memorandum and Order dated May 6, 2020 (Doc. 159), stating that the Memorandum and Order dated May 6, 2020 has been amended by an Amended Memorandum and Order issued on this date.

**IT IS FURTHER ORDERED** that Plaintiffs shall file their Second Amended Complaint in accordance with the Amended Memorandum and Order within **ten (10) days** of this Order.

**IT IS FURTHER ORDERED** that Defendant's Motion for Contempt is **DENIED**. (Doc. 173.)

**IT IS FURTHER ORDERED** that Defendant shall file its response to Plaintiffs' Motion for Class Certification within **twenty-eight (28) days** of this Order.

**IT IS FURTHER ORDERED** that Defendant's Motion to Shorten Time is **DENIED as moot**. (Doc. 174.)

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Leave to File Sur-Reply is **GRANTED.** (Doc. 183.)

An Amended Memorandum and Order amending the Memorandum and Order dated May 6, 2020 will accompany this Memorandum and Order.

_____
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 25th day of February, 2021.