UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS BAKER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:16-CV-1693 NAB |
| | ) | |
| CITY OF FLORISSANT, | ) | |
| | ) | |
| Defendant. | ) | |

### AMENDED MEMORANDUM AND ORDER

This motion is before the Court on Plaintiffs' Motion for Leave to File a Second Amended Complaint. [Doc. 142.] Defendant filed a Memorandum in Opposition. [Doc. 146.] Plaintiff filed a Reply Memorandum. [Doc. 149.] The Court denied the parties' request for additional briefing and held a hearing on March 3, 2020. For the following reasons, the Court will grant in part and deny in part, Plaintiffs' Motion for Leave to File a Second Amended Complaint.

**I.  Background**

Plaintiffs filed this "debtors' prison" action as a purported class action under Rule 23, alleging violations of Plaintiffs' constitutional rights by the City of Florissant for (1) jailing them for their inability to pay the City, or by forcing them to make payments in order to avoid jail; without providing an indigence analysis (Fourteenth Amendment); (2) imprisoning them without appointing adequate counsel (Sixth and Fourteenth Amendments); (3) using indefinite and arbitrary detention (Due Process Clause of the Fourteenth Amendment); (4) maintaining deplorable conditions in the Florissant Jail (violation of due process and constitutes impermissible punishment); (5) using jail and threats of jail to collect debts owed to the City (Fourteenth Amendment); (6) issuing and serving invalid warrants, including those based solely on

nonpayment of monetary debt (Fourth and Fourteenth Amendments); and (7) extended detention of the warrantless arrestees without a neutral judicial finding of probable cause based on sworn evidence (Fourth and Fourteenth Amendments).

Plaintiffs' original complaint was filed on October 31, 2016.  The First Amended Complaint was filed on December 13, 2016.  The Case Management Order in this case has been amended nine times.  [Docs. 17, 60, 72, 78, 95, 98, 120, 131, 141, 153.]  The deadline for amendment of pleadings was January 20, 2017.  [Doc. 17.]  The current deadline to file a motion for class certification is May 21, 2020 and the discovery deadline is July 1, 2020.

## II.     Standard of Review

Plaintiffs' motion for leave to amend implicates Rules 15(a) and 16(b) of the Federal Rules of Civil Procedure.  "Rule 15(a) governs the pretrial amendment of pleadings and states that where an amendment is not sought 'as a matter of course'—as defined by the Rule— 'a party may amend its pleading only with the opposing party's written consent or the court's leave.'"  *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 947-48 (8th Cir. 2012) (citing Fed.R.Civ.P. 15(a)(2)).  The Court should freely give leave to amend a pleading when justice so requires.  Fed. R. Civ. P. 15(a)(2).  Parties do not have an absolute right to amend their pleadings even under this liberal standard.  *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008).  "A district court appropriately denies the movant leave to amend if there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment."  *Id.*

"Rule 16(b), on the other hand, guides the district court's issuance and modification of pretrial scheduling orders and provides that '[e]xcept in categories of actions exempted by local rule, the district judge ... must issue a scheduling order,' which 'must limit the time to join other

parties, amend the pleadings, complete discovery, and file motions.'" *Hartis*, 694 F.3d at 948 (citing Fed.R.Civ.P. 16(b)(1), (3)(A)). Federal Rule of Civil Procedure 16(b)(4) states that a case management order "may be modified only for good cause and with the judge's consent."

"The primary measure of good cause is the movant's diligence in attempting to meet the scheduling order's requirements." *Harris v. FedEx Nat. LTL, Inc.*, 760 F.3d 780, 786 (8th Cir. 2014). The good cause standard is not optional. *Petrone v. Werner Enterprises, Inc.*, 940 F.3d 425, 434 (8th Cir. 2019) (citing *Sherman*, 532 F.3d at 714). "Good cause for a belated amendment under Rule 16(b) requires a showing that, despite the diligence of the movant, the belated amendment could not reasonably have been offered sooner." *Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co.*, 590 F.Supp.2d 1093, 1100 (N.D. Iowa 2008) (citing *Sherman*, 532 F.3d at 716-18). "A district court acts within its discretion in denying a motion to amend which made no attempt to show good cause." *Harris*, 760 F.3d at 786 (citing *Freeman v. Busch*, 349 F.3d 582, 589 (8th Cir. 2003)). The Eight Circuit precedent strongly establishes that "Rule 16(b)'s good-cause standard governs when a party seeks leave to amend a pleading outside of the time period established by a scheduling order, not the more liberal standard of Rule 15(a)." *Hartis*, 694 F.3d at 948. Prejudice to the nonmovant is not considered if the movant has not been diligent in meeting the scheduling order's deadlines. *Id.* Instead, the Court focuses on "in the first instance (and usually solely) on the diligence of the party who sought modification of the order." *Hartis*, 694 F.3d at 948. "Where there has been no change in the law, no newly discovered facts, or any other changed circumstance … after the scheduling deadline for amending pleadings," the Court may conclude that the moving party has failed to show good cause. *Id.* Finally, while the Court's analysis considers that this is a putative class action where complaints are amended close to class certification, the Eighth Circuit precedent on amendment of pleadings still guides the discussion.

3

**III.     Discussion**

In this case, Plaintiffs are hard-pressed to demonstrate good cause for amending their complaint out of time.  The deadline for amendment of pleadings was January 20, 2017.  Plaintiffs filed their motion for leave to file a second amended complaint on January 15, 2020, almost three years after the original deadline.  Plaintiffs assert that they are seeking leave to amend to "shore up" class definitions, clarify factual issues learned in discovery, and add a claim under a Missouri statute.  Plaintiffs allege that they are trying to make sure class categories match allegations in the complaint.  Plaintiffs further contend that the same set of class members are arranged in new buckets and an expert helped them to sort the information.  Defendant states that Plaintiff has not met the good cause standard, because the Plaintiffs were not diligent in seeking amendment.  In support, Defendants state that Plaintiffs' amendments constitute a wholesale change of the complaint, specifically the additional class categories alleged in the proposed complaint.

Plaintiffs do not allege that there has been a change in the law that is relevant to their claims.  Plaintiffs do allege that there are newly discovered facts uncovered during discovery that support the amendment of pleadings and that they have been diligent in prosecution of this case.  The Court will now review the proposed changes to the complaint to determine whether these proposed changes were newly discovered and whether Plaintiffs have demonstrated diligence in amending the complaint regarding the same.

**A.     New Plaintiff and Reconfigured Potential Class Categories**

In the First Amended Complaint, there are five named plaintiffs:  Thomas Baker, Sean Bailey, Nicole Bolden, Allison Nelson, and Meredith Walker.  Most of the changes in the proposed amended complaint regarding these plaintiffs involve changes in age or other demographic

4

information, revised arrest dates, revised incarceration length periods, and removal of the amount of fines allegedly imposed against the Plaintiffs.

In the First Amended Complaint, there are four proposed classes:

>a. The first Declaratory and Injunctive Class is defined as: All persons who currently owe or who will incur debts to the City of Florissant from fines, fees (excluding "warrant recall fees", "letter fees", and/or "failure to appear fees", as defined in *Watkins v. City of Florissant*, No. 16SL-CC00165 (St. Louis Co. Cir. Ct. filed Jan. 2016)), costs, or surcharges arising from cases prosecuted by the City of Florissant.
>
>b. The second Declaratory and Injunctive Class is all persons who, either because they owe debts to the City of Florissant or for any other reason, will become in the custody of the City of Florissant and thereby subjected to its post-arrest wealth-based detention procedures.
>
>c. The first Damages Class is defined as: All persons, whether or not such person has ever been jailed, who have paid any amount to the City of Florissant to satisfy fines, fees (excluding "warrant recall fees", "letter fees", and/or "failure to appear fees", as defined in *Watkins v. City of Florissant*, No. 16SL-CC00165 (St. Louis Co. Cir. Ct. filed Jan. 2016)), costs, or surcharges arising from cases in the City court and who have not been provided an opportunity to prove indigence (the "Paid Fines Class").
>
>d. The second Damages Class is defined as: All persons who have been jailed by the City of Florissant for non-payment fines, fees (excluding "warrant recall fees", "letter fees", and/or "failure to appear fees", as defined in *Watkins v. City of Florissant*, No. 16SL-CC00165 (St. Louis Co. Cir. Ct. filed Jan. 2016)), costs, or surcharges arising from cases in the City court and who (1) were not provided an opportunity to prove indigence prior to jailing; (2) were not considered a danger to the community by notation in the City's file; and (3) were not designated as a flight risk at the time of jailing (the "Jailed Class").

(First Am. Compl. ¶ 151).  In the proposed second amended complaint, Plaintiffs amend the definitions of the original four classes and propose three additional classes as follows:

5

Class 1:  All persons held in the City of Florissant jail on behalf of the City of Florissant for failure to satisfy a bond, fine, fee, (excluding "warrant recall fees", "letter fees", and/or "failure to appear fees", as defined in *Watkins v. City of Florissant*, No. 16SL-CC00165 (St. Louis Co. Cir. Ct. filed Jan. 2016)), surcharge, and/or costs without (1) an indigency hearing, (2) a finding that they were a flight risk, or (3) a finding that they were a danger to the community from October 31, 2011 to present (excluding individuals jailed pursuant to a domestic violence hold).

Class 2:  All persons held in the City of Florissant jail on behalf of the City of Florissant between October 31, 2011 to present, without an inquiry by the Court regarding appointment of counsel (excluding individuals jailed pursuant to a domestic violence hold).

Class 3:  All persons held in the City of Florissant jail, between October 31, 2011 to present, on a Failure to Appear warrant for the City of Florissant who were not brought before a judge for a first appearance or arraignment (excluding individuals jailed pursuant to a domestic violence hold).

Class 4:  All persons who paid fines and/or fees to the City of Florissant (excluding "warrant recall fees", "letter fees", and/or "failure to appear fees", as defined in *Watkins v. City of Florissant*, No. 16SL-CC00165 (St. Louis Co. Cir. Ct. filed Jan. 2016)) without an indigency hearing from October 31, 2011 to present.

Class 5:  All persons held past booking and assignment of bail in the City of Florissant jail on behalf of the City of Florissant without a warrant from October 31, 2011 to present. (excluding individuals jailed pursuant to a domestic violence hold).

Class 6:  All persons held in excess of 48 hours in the City of Florissant jail on behalf of the City of Florissant without a warrant from October 31, 2011 to present (excluding individuals jailed pursuant to a domestic violence hold).

Class 7:  All persons held in excess of 24 hours in the City of Florissant jail on behalf of the City of Florissant without a warrant from October 31, 2011 to present (excluding individuals jailed pursuant to a domestic violence hold).

[Doc. 142-1].

The addition of classes 5, 6, and 7 requires a new named plaintiff/class representative. Plaintiffs assert that they seek to add Demetrice Davis as a new class representative to ensure that they have an appropriate class representative for each class and to forestall any procedural arguments regarding the sufficiency of the class representatives that would distract from the merits. Plaintiffs allege that they received the complete incarceration data and fine data in November 2019. Plaintiffs further state that they discovered an inconsistency between the data and the good faith recollection of Bolden's incarceration time beyond 48 hours. Plaintiffs contend that they could not have discovered the inconsistency between Bolden's recollection and the REJIS data earlier, because the records produced during discovery concerning the length of her incarceration were unclear. Plaintiffs cite Bolden's booking sheet, which indicates she was arrested on March 19, 2014, but not booked for another 24 hours. Plaintiffs also state that the booking sheet lacks any information regarding the time of Bolden's release. Plaintiffs contend that the complete REJIS[1] data produced in November 2019 also failed to resolve the discrepancy; therefore they need to add an additional plaintiff.

The Plaintiffs assert that they "promptly investigated the possibility of adding a new putative class representative who was jailed by Defendant and who was held in excess of 48 hours according to Defendant's data." If the Court denies Plaintiffs the ability to add Demetrice Davis, Plaintiffs assert they will not have a class representative to represent members of the proposed new classes of 5, 6, and 7 and it "could prevent a hearing of the merits of Plaintiffs' claims." Plaintiffs contend that the complete REJIS data was provided in November 2019, after the Court granted a

---

[1] "The Regional Justice Information System (REJIS) "provides data processing services and online information systems for police and sheriff's departments, prosecutors, courts, correctional institutions, and probation and parole agencies at the Federal, State, county, and local levels." S.F. Claggett, *REJIS - A Computer Information Network, FBI Law Enforcement Bulletin*  Volume:52  Issue:3  Dated: special issue (March 1983)  Pages:2-9 (abstract).

motion to compel. Plaintiffs assert that there was only a two month period of time between the production of final data and the notification to Defendant of a need for certain amendments.

Defendant asserts that Plaintiffs have long known about the facts in support of their request for an amendment of the complaint. First, regarding the Plaintiffs discovery that none of the class representatives were held over 48 hours, Defendant asserts that Plaintiffs have failed to cite to the records produced by the Defendant that "illuminated their mistaken recollections." Defendant states that all Plaintiffs were deposed well over a year ago. Bolden, deposed in September 2018, testified that she was held by Defendant for approximately 24 hours. Defendant states it produced the named Plaintiffs' arrest records on June 9, 2017. Defendant further argues that the REJIS data produced in November 2019 was not substantially different than the REJIS data produced in February 2019, primarily providing full rather than partial social security numbers. Therefore, Defendant states that neither REJIS data production was Plaintiffs' first notice that Bolden was held for only 24 hours or that the other plaintiffs had "mistaken recollections."

Next, Defendant states that the REJIS data also had no bearing on Plaintiffs' class definitions. Plaintiffs' expert, Arthur Olsen, submitted an expert report on December 10, 2019 and was deposed in February 2020. Mr. Olsen testified based on the assumptions of the seven classes now contained in Plaintiffs' proposed second amended complaint. According to Defendant, Mr. Olsen was asked during his deposition how the seven putative class definitions were extracted from the REJIS data and he said they could not be extracted from the data. Plaintiffs did not refute these assertions made by Defendant at the hearing on the present motion. Plaintiffs respond that the questioning of the expert with the seven proposed classes shows that they were diligent. Plaintiffs argue that the complete REJIS data received in November 2019 was needed to "refine the class definitions to comport with that data."

After a thorough review of the foregoing, the Court must find that Plaintiffs have not shown good cause.  District courts enjoy wide discretion under Rule 16(b) and in matters of trial management in general.  *Schenk v. Chavis*, 259 Fed. App'x 905, 907 (8th Cir. 2008).  "Ultimately, a party must give a persuasive reason why the dates originally set by the scheduling order … could not reasonably be met despite the diligence of the party seeking amendment." *Rogers v. Medicraft, Inc.*, 4:12-CV-2277 CEJ, 2013 WL 4496278 at *2 (E.D. Mo. Aug. 21, 2013).

Plaintiffs have not met the primary and most essential factor- that they were diligent in seeking amendment.  Plaintiffs' argument focuses on judicial economy, lack of prejudice to the Defendant, and necessity of the amendments.  The Court does not believe all of these factors strongly favor Plaintiffs either, but nevertheless, they are not the primary factors that Plaintiffs must meet.  Plaintiffs have the burden to demonstrate diligence, before the Court considers any other factor.  The Plaintiffs have failed to meet their burden.

First, the most prominent evidence of due diligence is the receipt and review of discovery that would alert Plaintiffs of the need to amend the complaint.  Plaintiffs contend that they were focused on responding to Defendant's motion to dismiss, preparing the expert reports, and filing a motion to compel, which was not granted until October 2019.  Further, they contend that they did not receive the complete discovery until November 2019.  Evidence, not disputed by Plaintiffs, is that Plaintiffs had information regarding Nicole Bolden's status as an appropriate class representative for detention exceeding 24 hours at least in late 2018.  Further, Plaintiffs' expert's testimony regarding the seven proposed classes before the motion was filed and Plaintiffs' failure to specifically identify how the December 2019 REJIS data provided evidentiary support for amendment indicates lack of diligence.  *See Gonzalez v. Sara, Inc.*, 4:12-CV-1586 CDP, 2013 WL 2420663 at *2 (E.D. Mo. June 3, 2013) (district court denied motion for leave to file second

9

amended complaint in putative class action where plaintiff sought to add 8 new defendants, another class action claim, and an enlarged class definition while failing to explain why the class definition could not have been amended before pleading deadline).

    Second, the original case management order in this action has been amended nine times. Plaintiffs have not sought an extension of time for the amendment of pleadings in the three years since the original deadline.  The parties jointly requested the amendment of the case management order five times within the past year alone and the Court granted these motions.  [Docs. 98, 120, 131, 141, and 153.]  In support of the requests for amendment of the case management order, the Plaintiffs (who drafted the motions) asserted that the parties needed additional time to produce expert reports and receive additional data from REJIS.  But, the information that Plaintiffs contend is the basis for this motion was known well before November 2019.  The fact that Plaintiffs requested amendment of the scheduling order 5 times in the last year and failed to request an extension of time to amend pleadings demonstrates lack of diligence. *See IBEW Local 98 Pension Fund v. Best Buy Co., Inc.*, 326 F.R.D. 513, 525 (D. Minn. July 11, 2018) (district court denied leave to file second amended class complaint where lead plaintiff did not move for leave to amend after receiving discovery that was used as evidentiary support for amendment).

    Third, the cases that Plaintiffs identify and use to support their request for leave to file an amended complaint are not analogous to this case.  Plaintiffs fail to cite any cases addressing diligence in the amendment of pleadings for putative class actions or any case law to support their argument for diligence.  Plaintiffs cite many cases dealing with prejudice to a defendant and focus the bulk of their argument there, but Plaintiffs must first address and establish good cause. Moreover, the cases cited by Plaintiffs involve significantly shorter delays in amendment of

pleadings than the delay in this case. The substantial majority of the cases cited by Plaintiffs are not class actions.

In *Cornell v. Corbett*, the district court granted the plaintiff's motion for leave to file a second amended complaint, where plaintiff requested leave to add the parent company of the initially pleaded defendants five months after the deadline to add parties or amend pleadings. *Cornell v. Corbett*, No. 13-CV-4022 DEO, 2014 WL 2860422 (N.D. Iowa May 30, 2014). There are significant differences between these two cases, including *Cornell* is not a putative class action, the plaintiff discovered the name of the parent company a month before she filed her motion, and plaintiff filed her motion only five months after the initial deadline to add parties. *See Cornell*, 2014 WL 2860422 at 4-6.

In *NRRM v. Kingstar Holdings*, also not a putative class action, the plaintiff sought leave to amend the complaint to add another claim based on recently discovered facts. *NRRM v. Kingstar Holdings*, No. 4:17-CV-1665 PLC, 2018 WL 1993436 (E.D. Mo. Apr. 27, 2018). In that case, the plaintiff filed a motion for leave to amend twenty-six days after the deadline, but two days before the deadline the parties had agreed on for amendment of pleadings. *Id.* at 2. Further, the Court found that plaintiff sought leave "soon after determining that it had a sufficient evidentiary basis to bring such a claim." *Id.* at 3.

In *Nine v. Williams*, the court found good cause to amend the complaint, because the plaintiff requested leave to amend the complaint to correct the year of the alleged assault a month after the defendant provided discovery indicating the correct year. *Nine v. Williams*, No. 4:11-CV-353 (CEJ), 2012 WL 3815627 at *1-2 (E.D. Mo. Sept. 4, 2012). In *Nine*, plaintiff did not add any new claims or allegations. The court found that plaintiff's failure to meet the deadline was not due to a lack of diligence on her part.

Likewise, in *Schwend v. U.S. Bank*, the court found that plaintiff acted diligently when she requested leave to amend four months after the amendment deadline. *Schwend v. U.S. Bank*, No. 4:10-CV-1590 CDP, 2011 WL 5039812 at *2 (E.D. Mo. Oct. 24, 2011). The court found that Schwend only received the discovery that revealed the claims were applicable to a class action two months after the amendment deadline and that she quickly met with class counsel afterwards and filed the motion for leave another two months after that. In *Evantigroup v. Mangia*, the time period between the deadline for amending pleadings or adding parties and the request for leave was approximately six or seven months. *Evantigroup, LLC v. Mangia Mobile*, No. 4:11-CV-1328 CEJ, 2012 WL 3283416 (E.D. Mo. 2012). *Buder v. Merrill Lynch*, is inapposite, as the decision did not discuss Fed. R. Civ. P. 16(b) and *Moore v. Jefferson Capital* is inapplicable, because the court found that the delay in the case was principally caused by the stay in the case, not any action by the Plaintiff. *See Buder v. Merrill Lynch*, 644 F.2d 690 (1981), *Moore v. Jefferson Capital Sys.*, No. 4:15-CV-418 JAR, 2017 WL 2813536 at *2 (E.D. Mo. June 29, 2017). In all of these cases, the plaintiffs clearly showed diligence in a substantially shorter period of time than the Plaintiffs in this action. The additional cases cited by the Plaintiffs do not include sufficient factual background in the opinions to provide support to Plaintiffs' arguments or the comparisons to this case are not valid, for example leave to amend out of time is not at issue.[2] Therefore, Plaintiffs have not shown good cause to add proposed plaintiff Demetrice Davis or expand and add additional classes to the Complaint.

---

[2] *See Messner v. Northshore Univ.* HealthSystem, 669 F.3d 802 (7th Cir. 2012); *InfoDeli, LLC v. Western Robidoux, Inc.*, No. 4:15-CV-364 BCW, 2016 WL 6915315 at *2 (W.D. Mo. Oct. 13, 2016), *Soular v. Northern Tier Energy*, No. 15-CV-556 (SRN/LIB), 2015 WL 5024786 (D. Minn. Aug. 25, 2015), *Brooks v. American Family Mut. Ins. Co.*, No. 2:14-CV-04171-NKL, 2014 WL 5343776 at *1 (W.D. Mo. Oct. 20, 2014), *Ghattas v. First Nat. Bank of Layton*, No. 4:12-CV-2348 CAS, 2014 WL 222819 at *1 (E.D. Mo. Jan. 21, 2014), *Olson v. Desserts on the Blvd.*, No. 4:12-CV-1629 CAS, 2013 WL 5446922 at *1-2 (E.D. Mo. Sept. 30, 2013), *Davidson v. City of Grain Valley*, No. 12-1241-CV-W-DW, 2013 WL 12145864 at *1 (W.D. Mo. July 12, 2013, *Greenwald v. Phillips Home Furnishings, Inc.*, No. 4:08-CV-1128 CDP, 2009 WL 792527 at 1 (E.D. Mo. Mar. 23, 2009), *In re Vitamins Antitrust Litig.*, 209 F.R.D. 251 (D.C. D.C. 2002).

### B. Addition of Claim Eight under Mo. Rev. Stat. § 544.170

Plaintiffs also seek leave to add a claim under Mo. Rev. Stat. § 544.170, which states that "all persons arrested and confined in any jail or other place of confinement … without warrant or other process, for any alleged breach of the peace or other criminal offense, or on suspicion thereof, shall be discharged from said custody within twenty-four hours from the time of such arrest." Plaintiffs contend that the addition of this claim is closely related to the claims already brought in this suit, including Plaintiffs' due process claims under § 1983. Plaintiffs again state that Defendant should not be surprised by this claim. Plaintiff states that no new discovery would be required. Defendant asserts that § 544.170 is not a new law and Plaintiffs have failed to show reasons why they could not have brought this claim earlier. The Court will deny Plaintiffs leave to add claim eight. Pursuant to the good cause standard of Fed. R. Civ. P. 16(b)(4), Plaintiffs have failed to present any evidence to show they were diligent in seeking leave to add this claim to the Complaint. Amendment of pleadings almost three years after the deadline in the case management order has expired is not a right. It is Plaintiffs' burden to show diligence in seeking amendment and Plaintiffs fail to do so regarding this claim. Their only justification is that claim eight is similar to the other claims, which is insufficient under Rule 16(b)(4). Therefore, Plaintiffs' motion is denied as to this claim.

### C. Prejudice

"As noted above, it is not necessary to address the issue of prejudice if the movant fails to show good cause for an untimely amendment." *Afshar v. WMG, L.C.*, 310 F.R.D. 408, 411 (N.D. Iowa Sept. 14, 2015). Nevertheless, the Court also finds that allowing the proposed amendments at this stage of the litigation would result in unfair prejudice to the Defendant. The changes proposed by the Plaintiffs are not minor changes and would require additional discovery that would

13

very likely result in further extensions of the discovery deadlines in this case. The parties have engaged in significant discovery in the past few years and the idea that any additional discovery could be done quickly is highly unlikely. Therefore, even if the Court had found good cause for Plaintiffs' delay in seeking amendment, the motion would still be denied based on prejudice to the Defendant.

### IV. Conclusion

In conclusion, the Court will grant in part and deny in part Plaintiffs' Motion for Leave to File Second Amended Complaint. The Court will allow Plaintiffs to amend their Complaint to correct demographical information of the Plaintiffs, including age, incarceration periods, other incorrect dates, and any typographical errors. Plaintiffs may also remove paragraphs that are no longer supported by the information revealed in discovery. The Court will deny Plaintiffs' request for leave to add proposed plaintiff Demetrice Davis, reconfigure and add class categories, and add a claim under Mo. Rev. Stat. § 544.170.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Leave to File a Second Amended Complaint is **GRANTED in part and DENIED in part**. [Doc. 142.] The Court grants Plaintiffs leave to amend their Complaint to correct demographical information of the Plaintiffs, including age, incarceration periods, fine amounts, incorrect dates, and any typographical errors. Plaintiffs are also granted leave to remove paragraphs that are no longer supported by the information revealed in discovery. The Court denies Plaintiffs' request for leave to add proposed plaintiff Demetrice Davis, reconfigure and add class categories, and add a claim under Mo. Rev. Stat. § 544.170.

It is so ordered.

_____
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 25th day of February, 2021.