IN THE UNITED STATES DISTRICT
COURT FOR THE EASTERN DISTRICT OF
MISSOURI EASTERN DIVISION

| | |
|---|---|
| THOMAS BAKER, *et al.*, Individually and on behalf of others similarly situated, )))) | |
| Plaintiffs, )) | |
| v. ) | Case No. 4:16-cv-1693-RHH |
| )) | |
| CITY OF FLORISSANT, )) | |
| Defendant. ) | |

**MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT,
CERTIFICATION OF SETTLEMENT CLASS, PERMISSION
TO DISEMMINATE CLASS NOTICE**

Thomas Baker, Sean Bailey, Nicole Bolden, Allison Nelson, and Umi Okoli (f.k.a. Meredith Walker), on behalf of themselves and all others similarly situated ("Class Representatives" or "Plaintiffs"), move this Court for an Order preliminarily approving the terms of a proposed class action settlement; approving the form and method of providing notice of the settlement to the class; and scheduling a final approval hearing regarding the settlement. As set out more fully in the accompanying Memorandum in support of this motion, Plaintiffs state as follows:

1. Plaintiffs allege that each of them (and the Class members they represent) are victims of unconstitutional policies implemented by Florissant through its police department. Plaintiffs allege that Florissant implemented a systematic, unconstitutional "pay-to-play" arrest and detention scheme that preyed on some of the most vulnerable populations in the area, by arresting already impoverished individuals solely for failing to pay minor municipal fines or failing to appear in its municipal court, and then giving the individuals a choice of either (a) sitting in jail without process for several days, or (b) paying an insurmountable "warrant bond fee," all without

1

at any point considering the individual's ability to pay. Plaintiffs further contend that Florissant arrested thousands of Settlement Class members each year on warrants and subsequently failed to bring the arrestees before a judge. In addition, Plaintiffs also allege that Florissant coerced certain Class members to pay fines, costs, and/or fees to Florissant under threat of incarceration, again without regard to their ability to pay. Plaintiffs allege that Florissant raised millions of dollars in revenue through this unconstitutional scheme. *See* Complaint, ECF No. 1.

2.  Florissant has denied liability and asserted multiple affirmative defenses. *See* Answer to Class Action Complaint. Dkt. Nos. 58, 206.

3.  On May 23, 2023, after almost seven years of litigation that included twenty-three depositions, review of over 500,000 pages of documents, and the grant of a contested motion for class certification, the parties arrived at a settlement that will provide meaningful compensation to the individuals subjected to Florissant's arrest, detention, and system, and meaningful relief for those who currently owe warrant bonds. This Settlement avoids the risks and delay of further litigation.

4.  "The policy in federal court favoring the voluntary resolution of litigation through settlement is particularly strong in the class action context." *In re Zurn Pex Plumbing Prods. Liab. Litig.*, 08-MDL-1958 ADM/AJB, 2013 WL 716088, at *6 (D. Minn. Feb. 27, 2013). "The court's role in reviewing a negotiated class settlement is 'to ensure that the agreement is not the product of fraud or collusion and that, taken as a whole, it is fair, adequate, and reasonable to all concerned.'" *Marshall v. Nat'l Football League*, 787 F.3d 502, 509 (8th Cir. 2015) (quoting *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 934 (8th Cir. 2005)).

5.  Factors considered in determining whether a settlement is fair, reasonable, and adequate support approval of the Settlement in this case for all the reasons set out in the

accompanying Memorandum. *See* Fed. R. Civ. P. 23(e)(2); *see also Risch v. Natoli Eng'g Co.*, LLC, 4:11CV1621 AGF, 2012 WL 3242099, at *2 (E.D. Mo. Aug. 7, 2012). As against the risks and uncertainties, the Settlement provides immediate and valuable relief for the Settlement Class.

6. The Settlement provides cash compensation to the three Fed. R. Civ. P. 23(b)(3) classes certified by the Court in its February 1, 2023 class certification Order—the Modified Class 1 (Jailed Class), Modified Class 3 (Jailed Class), Narrowed Modified Class 4 (Narrowed Paid Fines Class). *See* Class Certification Order, Dkt. No. 253 at 38-39; *see also* Settlement Agreement ¶¶ 17, 18, 22, 37.

7. It also provides monetary compensation to an additional class that Plaintiffs seek to certify for settlement purposes. Plaintiffs request that the Court provisionally certify this "Remaining Paid Fines Class" to include all persons who made a payment of fines, costs, and/or fees to the City of Florissant that were assessed without an inquiry into their ability to pay, and who paid such fines, costs, and/or fees, and such payment was not a qualifying payment for the Narrowed Paid Fines Class. *See* Settlement Agreement ¶¶ 38, 47. All requirements of Rule 23(a)—numerosity, commonality, typicality, and adequacy of representation—are met for the Remaining Paid Fines Class. The requirements of Rule 23(b)(3) are also satisfied because "questions of law or fact common to class members predominate over any questions affecting only individual members"; and (2) "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." *Claxton v. Kum & Go, L.C.*, 6:14-CV-03385-MDH, 2015 WL 3648776, at *4 (W.D. Mo. June 11, 2015). Accordingly, provisional certification for settlement purposes is appropriate.

8. The Settlement will also resolve the claims of the Fed. R. Civ. P. 23(b)(2) classes certified by the Court in its February 1, 2023 class certification Order—Modified Class 1,

Modified Class 3, and Narrowed Modified Class 4, in addition to the Remaining Paid Fines Class. *See* Class Certification Order, Dkt. No. 253, at 38; *see also* Settlement Agreement ¶ 17. As a result of the Settlement, the City of Florissant will provide acknowledgement and confirmation that no "bond schedules" are utilized by the Florissant Police Department and jail to set conditions of release for arrested individuals, the City of Florissant will forgive all unpaid Minor Traffic Violation amounts assessed between October 31, 2011 and December 31, 2019 and still due, and the City of Florissant shall implement a policy to provide all arrested persons with unconditional access to indigency forms and, unless released, a timely indigency hearing to occur no later than twenty-four hours after the arrested person is booked in the Florissant jail. Further, Florissant will provide counsel for individuals held and brought before the municipal judge when (a) the individual has been declared indigent, and (b) the judge has determined that the (i) City is requesting jail time or (ii) the arrested individual is required to post a bond and (c) the individual is unrepresented. Settlement Agreement ¶¶ 54-57.

9. Moreover, Plaintiffs request the Court's approval of their proposed plan to provide notice of the Settlement. The plan contemplates (a) Postcard Notice, (b) Long Form Notice, and (c) Publication Notice. Postcard Notice will be mailed to the members of the Jailed Classes, Narrowed Paid Fines Class, and Remaining Paid Fines Class by first class United States mail to the best available mailing addresses. The Postcard Notice mailed to members of the Remaining Paid Fines Class for whom the Parties maintain mailing addresses will also include a tear-away Payment Information Form. Publication Notice will be published in Missouri through print publication in the St. Louis American and a digital social media advertising campaign. Finally, the Long Form Notice will be posted on the Settlement Website and will be available to members of the Classes by mail on request made to the Settlement Administrator. The Notice will describe the

4

material terms of the Settlement, the relief it will provide, the date, time and place of the final-approval hearing, procedures and deadlines for opting out or objecting or submitting a Payment Information Form, and explanation that if the class member does not opt out, he or she will be bound by any final judgment in this case, including a release of claims. *See* Settlement Agreement, Exhibits 1, 2, and 3. The Notice will also advise Class Members that Plaintiffs' counsel have pursued the lawsuit on a contingent basis and have not received payment of fees or any reimbursement of their out-of-pocket costs. *Id.* The Notice will further advise Settlement Class Members that Plaintiffs' counsel will apply to the Court for an award of fees and costs, and for Service Awards to the Class Representatives Plaintiffs' proposed notice plan is reasonable. *Id.*

10. "Notice of a settlement proposal need only be as directed by the district court . . . and reasonable enough to satisfy due process." *DeBoer v. Mellon Mortg. Co.*, 64 F.3d 1171, 1176 (8th Cir. 1995). The notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, MDL 1559 4:03-MD-015, 2004 WL 3671053, at *8 (W.D. Mo. Apr. 20, 2004) (quoting *Petrovic v. Amoco Oil Co.,* 200 F.3d 1140, 1153 (8th Cir. 1999)). The details of these notices are included in the Settlement Agreement. *See* Settlement Agreement, Exhibits 1, 2, and 3. The form of notice proposed complies with the requirements of Fed. R. Civ. P. 23(c)(2) and due process.

11. Finally, Plaintiffs request that this Court schedule a final approval hearing, at which to consider final approval of the proposed Settlement, as well as Plaintiffs' Counsels' application for service awards for the class representatives and an award of attorneys' fees and costs.

WHEREFORE, for these and the reasons more fully set forth in the accompanying Memorandum, Plaintiffs request that this Court grant preliminary approval to the Settlement

5

including provisionally certifying a Remaining Paid Fines Settlement Class (as defined in the Settlement Agreement and accompanying Memorandum).

Dated: September 22, 2023

By: /s/ *Nathaniel R. Carroll*
**ARCHCITY DEFENDERS, INC.**
Blake A. Strode, #68422MO
Nathaniel R. Carroll, #67988MO
Maureen Hanlon, #70990MO
ARCHCITY DEFENDERS, INC.
440 N. 4th Street, Suite 390
St. Louis, MO 63103
Telephone: (855) 724-2489
Facsimile: (314) 925-1307
Bstrode@archcitydefenders.org
Mhanlon@archcitydefenders.org
Ncarroll@archcitydefenders.org

**TYCKO & ZAVAREEI LLP**
Andrea R. Gold (admitted *pro hac vice*)
Leora Friedman (admitted *pro hac vice*)
2000 Pennsylvania Avenue NW, Suite 1010
Washington, DC 20006
Telephone: (202) 973-0900
Facsimile: (202) 973-0950
agold@tzlegal.com
lfriedman@tzlegal.com

and

**KEANE LAW LLC**
Ryan A. Keane, #62112MO
Tanner A. Kirksey, #72882MO
7711 Bonhomme Ave., Suite 600
St. Louis, MO 63105
Telephone: (314) 391-4700
Facsimile: (314) 244-3778
ryan@keanelawllc.com
tanner@keanelawllc.com

*Class Counsel*