## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI EASTERN DIVISION

THOMAS BAKER, *et al.*,             )
Individually and on behalf of others    )
similarly situated,                   )
                                  )
        Plaintiffs,                )
                                  )
v.                                    )     Case No. 4:16-cv-1693-RHH
                                  )
CITY OF FLORISSANT,          )
                                  )
        Defendant.              )

## SETTLEMENT AGREEMENT AND RELEASES

This Settlement Agreement and Releases ("Settlement" or "Agreement")[1], dated as of September 20, 2023, is entered into by Plaintiffs Thomas Baker, Sean Bailey, Nicole Bolden, Allison Nelson, and Umi Okoli (f.k.a. Meredith Walker), individually and on behalf of the Classes; and Defendant, City of Florissant (the "City" or "Florissant"). The Parties hereby agree to the following terms in full settlement of the Action, subject to Final Approval by the Eastern District of Missouri.

### I.    RECITALS

1.    On October 31, 2016, Plaintiffs filed the Action, captioned *Baker et al. v. City of Florissant*, Case No. 4:16-cv-1693, in the Eastern District of Missouri. Plaintiffs alleged Defendant violated the United States Constitution and Missouri law in connection with its arrest and detention policies and procedures. Specifically, Plaintiffs' allegations included, but were not limited to, that Defendant violated the Due Process and Equal Protection Clauses of the

---

[1] All capitalized terms herein have the meanings ascribed to them in Section II or various places in the Agreement.

Document ID: 0f417ff98f8012da092100e82d47c129f182b5cfd5780d753a1daa0d10d7eb13

Fourteenth Amendment by detaining individuals pursuant to a sum of money without inquiring into their ability to pay, violated the Sixth Amendment by failing to provide adequate counsel, violated the Fourth Amendment by issuing warrants for failure to pay without probable cause that the nonpayment was willful (rather than a result of inability to pay), and violated the Fourteenth Amendment by threatening incarceration to collect debts.

2.      Defendant has denied and continues to deny Plaintiffs' claims and allegations and Defendant denies any wrongdoing or liability of any kind to Plaintiffs or to any class member.

3.      The Parties participated in a full-day mediation on May 23, 2023, with mediator Brad Winters, Esq. of JAMS.  The Parties reached an agreement in principle to settle the Action, with the material terms memorialized in a Term Sheet dated May 23, 2023.

4.      The Parties now agree to settle the Action in its entirety, without any admission of liability, with respect to all Released Claims of the Releasing Parties (definitions below). The Parties intend this Agreement to bind Plaintiffs, Defendant, and all members of the Classes.

**NOW, THEREFORE,** in light of the foregoing, for good and valuable consideration, the receipt and sufficiency of which is hereby mutually acknowledged, the Parties agree, subject to approval by the Court, as follows.

## II.   <u>DEFINITIONS</u>

In addition to the terms defined at various points within this Agreement, the following Defined Terms apply throughout this Agreement:

5.      "Action" means *Baker et al. v. City of Florissant*, Eastern District of Missouri, Case No. 4:16-cv-1693 RHH.

6.      "Class Counsel" means:

Document ID: 0f417ff98f8012da092100e82d47c129f182b5cfd5780d753a1daa0d10d7eb13

ARCHCITY DEFENDERS, INC.
Nathaniel R. Carroll, Esq.
Maureen Hanlon, Esq.
Blake Strode, Esq.
440 N. 4th Street, Suite 390
St. Louis, Missouri 63102

KEANE LAW LLC
Ryan Keane, Esq.
7711 Bonhomme Ave, Suite 600
St. Louis, Missouri 63105

TYCKO & ZAVAREEI LLP
Andrea R. Gold, Esq.
2000 Pennsylvania Avenue NW, Suite 1000
Washington, DC 20006

7.     "Class Period" means the period from October 31, 2011 through February 1,

2023.

8.     "Class Representatives" means Thomas Baker, Sean Bailey, Nicole Bolden,

Allison Nelson, and Umi Okoli (f.k.a. Meredith Walker).

9.     "Classes" means the three classes certified by the Court on February 1, 2023

(ECF No. 253)—Modified Class 1, Modified Class 3, and Narrowed Modified Class 4—and the

proposed "Remaining Paid Fines Class" defined further below.

10.     "Court" means the United States District Court for the Eastern District of Missouri.

11.     "Defendant" means the City of Florissant.

12.     "Effective Date" shall be the later of: (1) 10 days after the time period to appeal

the Final Approval Order has expired without any appeal being filed; or (2) if an appeal of the

Final Approval Order is taken, then the earlier of 10 days after the entry of an order dismissing the

appeal or 10 days after the appeal has been finally resolved in the appellate court of last resort

without any right to appeal or seek further review from another appellate court.

13.     "Escrow Account" means the interest-bearing account to be established by the

Document ID: 0f417ff98f8012da092100e82d47c129f182b5cfd5780d753a1daa0d10d7eb13

Settlement Administrator consistent with the terms and conditions described in Section IV below.

14.     "Final Approval" means the date the Court enters the Final Approval Order granting final approval to the Settlement and determines the amount of attorneys' fees and costs awarded to Class Counsel and the amount of any Service Awards to the Class Representatives.

15.     "Final Approval Hearing" is the hearing held before the Court wherein the Court will consider granting Final Approval to the Settlement and further determine the amount of attorneys' fees and costs awarded to Class Counsel and the amount of any Service Awards to the Class Representatives.

16.     "Final Approval Order" means the final order the Court enters granting Final Approval to the Settlement. The proposed Final Approval Order shall be in a form agreed upon by the Parties and shall be substantially in the form attached as an exhibit to the motion for Final Approval. Final Approval Order also includes the orders, which may be entered separately, determining the amount of attorneys' fees and costs awarded to Class Counsel and the amount of any Service Awards to the Class Representatives.

17.     "Injunctive Classes" means Modified Class 1, Modified Class 3, and the Narrowed Modified Class 4 certified by the Court on February 1, 2023, as well as the Remaining Paid Fines Class. Excluded from the Injunctive Class is Defendant, its parents, subsidiaries, affiliates, officers, and directors, and all judges and judicial referees assigned to these proceedings and their immediate family members.

18.     "Jailed Classes" means Modified Class 1 and Modified Class 3 certified by the Court on February 1, 2023. These Jailed Classes include:

a. All persons held in the City of Florissant jail on behalf of the City of Florissant

Document ID: 0f417ff98f8012da092100e82d47c129f182b5cfd5780d753a1daa0d10d7eb13

for failure to satisfy a bond, fine, fee (excluding "warrant recall fees", "letter fees", and/or "failure to appear fees", as defined in *Watkins v. City of Florissant*, No. 16SL-CC00165 (St. Louis Co. Cir. Ct. filed Jan. 2016)), surcharge, and/or costs without (1) an indigency hearing, (2) a finding that they were a flight risk, or (3) a finding that they were a danger to the community from October 31, 2011 to February 1, 2023.

 b. All persons held in the City of Florissant jail, between October 31, 2011 to February 1, 2023, on a Failure to Appear warrant for the City of Florissant who were not brought before a judge for a first appearance or arraignment.

Excluded from the Jailed Classes is Defendant, its parents, subsidiaries, affiliates, officers, and directors; all Jailed Class members who make a timely election to be excluded by opting-out; all individuals jailed pursuant to a domestic violence hold; and all judges and judicial referees assigned to these proceedings and their immediate family members.

19. "Jailed Classes Settlement Fund" means $2,023,000.00 minus proportional deductions for (a) the Court-approved attorneys' fees and costs awarded to Class Counsel, (b) any Settlement Administration Costs, and (c) any Court-approved Service Awards to the Class Representatives.

20. "Long Form Notice" means the form of notice that shall be posted on the Settlement Website and shall be available to members of the Classes by mail on request made to the Settlement Administrator in the form attached as Exhibit 1.

21. "Minor Traffic Violations" is ascribed the same definition as set forth in Mo. Rev. Stat. § 479.350(3), *to wit*: "a municipal or county traffic ordinance violation prosecuted that does not involve an accident or injury, that does not involve the operation of a commercial motor

Document ID: 0f417ff98f8012da092100e82d47c129f182b5cfd5780d753a1daa0d10d7eb13

vehicle, and for which no points are assessed by the department of revenue or the department of revenue is authorized to assess one to four points to a person's driving record upon conviction. Minor traffic violation shall include amended charges for any minor traffic violation.  Minor traffic violation shall exclude a violation for exceeding the speed limit by more than nineteen miles per hour or a violation occurring within a construction zone or school zone."

22.    "Narrowed Paid Fines Class" means the Narrowed Modified Class 4 certified by the Court on February 1, 2023, *to wit*:  "all persons who paid fines and/or fees to the City of Florissant (excluding 'warrant recall fees', 'letter fees', and/or 'failure to appear fees', as defined in *Watkins v. City of Florissant*, No. 16SL-CC00165 (St. Louis Co. Cir. Ct. filed Jan. 2016)) after being jailed on a warrant issued by Florissant and without an indigency hearing from October 31, 2011 to February 1, 2023."  Excluded from the Narrowed Paid Fines Class is Defendant,  its  parents, subsidiaries, affiliates, officers, and directors; all Narrowed Paid Fines Class members who make a timely election to be excluded by opting-out; and all judges and judicial referees assigned to these proceedings and their immediate family members.

23.    "Narrowed  Paid  Fines  Class  Settlement  Fund"  means  $433,500.00  minus proportional deductions for (a) the Court-approved attorneys' fees and costs awarded to Class Counsel, (b) any Settlement Administration Costs, and (c) any Court-approved Service Awards to the Class Representatives.

24.    "Net Settlement Fund" means the Settlement Fund, minus Court approved attorneys' fees and costs to Class Counsel, Settlement Administration Costs, and any Court approved Service Awards to Plaintiffs, allocated between the Jailed Classes Settlement Fund, the Narrowed Paid Fines Class Settlement Fund, and the Remaining Paid Fines Class Settlement Fund.

Document ID: 0f417fff98f8012da092100e82d47c129f182b5cfd5780d753a1daa0d10d7eb13

25.    "Notice" means the notices that the Parties will ask the Court to approve in connection with the motion for Preliminary Approval of the Settlement.

26.    "Notice Program" means the methods provided for in this Agreement for giving Notice and consists of Postcard Notice, Publication Notice, and Long Form Notice, which shall be substantially in the forms as the exhibits attached to the motion for Preliminary Approval.

27.    "Opt-Out Period" means the period that begins the day after the earliest date on which the Notice is first distributed, and that ends at 11:59PM Central Time on the sixtieth (60th) day after Notice is first distributed (the "Opt-Out Deadline"), including weekends and holidays, provided that if the sixtieth day falls on a weekend or Federal holiday, then the Opt-Out Deadline shall be the next following day that is not a weekend or Federal Holiday.

28.    "Party" means each Plaintiff or Defendant, and "Parties" collectively means Plaintiffs and Defendant.

29.    "Payment Information Form" means the form provided to Remaining Paid Fines Class Members with which said class members must update their address and elect their preferred payment method.

30.    "Plaintiffs" means Thomas Baker, Sean Bailey, Nicole Bolden, Allison Nelson, and Umi Okoli (f.k.a. Meredith Walker).

31.    "Postcard Notice" means the short form of notice that shall be sent by mail to members of the two Jailed Classes, the Narrowed Paid Fines Class, and the Remaining Paid Fines Class in the form attached as Exhibit 2.

32.    "Preliminary Approval" means the date that the Court enters, without material change, an order preliminarily approving the Settlement, substantially in the form of the exhibit attached to the motion for Preliminary Approval.

Document ID: 0f417ff98f8012da092100e82d47c129f182b5cfd5780d753a1daa0d10d7eb13

33.    "Preliminary Approval Order" means the order granting Preliminary Approval of this Settlement.

34.    "Publication Notice" means a mutually agreed notice of the Settlement published in Missouri as identified in Paragraph 73 to apprise all members of the Classes of the Settlement.

35.    "Releases" means all releases contained in Section XIII.

36.    "Released Claims" means all claims to be released as specified in Section XIII.

37.    "Released Parties" means Defendant and each of its present and former parents, subsidiaries, divisions, affiliates, predecessors, successors and assigns, and the present and former City Council Members, appointed and elected officials, officers, employees, police or other law enforcement officers, corrections officers, prosecutors, and persons participating in the operation of the Municipal Court within the City of Florissant, including municipal judges, clerks and other personnel, agents, insurers, members, attorneys, advisors, consultants, representatives, partners, joint venturers, independent and other contractors, wholesalers, resellers, distributors, retailers, predecessors, successors and assigns of each of them.

38.    "Releasing Parties" means Plaintiffs and all members of the Classes, and each of their respective executors, representatives, heirs, predecessors, assigns, beneficiaries, successors, bankruptcy trustees, guardians, joint tenants, tenants in common, tenants by entireties, agents, attorneys, and all those who claim through them or on their behalf.

39.    "Remaining Paid Fines Class" means all persons who made a payment of fines, costs, and/or fees to the City of Florissant that were assessed without an inquiry into their ability to pay, and who paid such fines, costs, and/or fees, and such payment was not a qualifying payment for the Narrowed Paid Fines Class. Excluded from the Remaining Paid Fines Class is Defendant, its parents, subsidiaries, affiliates, officers, and directors; all Remaining Paid Fines Class

Document ID: 0f417fff98f8012da092100e82d47c129f182b5cfd5780d753a1daa0d10d7eb13

members who make a timely election to be excluded by opting-out; and all judges and judicial referees assigned to these proceedings and their immediate family members.

40. "Remaining Paid Fines Class Settlement Fund" means $433,500.00 minus proportional deductions for (a) the Court-approved attorneys' fees and costs awarded to Class Counsel, (b) any Settlement Administration Costs, and (c) any Court-approved Service Awards to the Class Representatives.

41. "Response Deadline" shall mean the date by which a member of the Remaining Paid Fines Class must submit their Payment Information Form. The Response Deadline shall be 60 days after Notice is first distributed.

42. "Service Award" means any Court ordered payment to Plaintiffs for serving as Class Representatives, which is in addition to any payment due Plaintiffs as members of the Classes.

43. "Settlement Administrator" means Atticus Administration LLC. Class Counsel and Defendant may, by agreement, substitute a different organization as Settlement Administrator, subject to approval by the Court if the Court has previously approved the Settlement preliminarily or finally. In the absence of agreement, either Class Counsel or Defendant may move the Court to substitute a different organization as Settlement Administrator, upon a showing that the responsibilities of Settlement Administrator have not been adequately executed by the incumbent.

44. "Settlement Administration Costs" means all costs and fees of the Settlement Administrator regarding notice and settlement administration.

45. "Settlement Class Member" means any member of the Jailed Classes, Narrowed Paid Fines Class, and/or Remaining Paid Fines Class who has not validly and timely opted-out

Document ID: 0f417ff98f8012da092100e82d47c129f182b5cfd5780d753a1daa0d10d7eb13

of the Settlement.

46.     "Settlement Class Member Payment" means the cash distribution that will be made from the Net Settlement Fund to each Settlement Class Member, pursuant to the allocation terms of the Settlement.  It includes each "Jailed Class Member Payment", "Narrowed Paid Fines Class Member Payment", and "Remaining Paid Fines Class Member Payment."[2]

47.     "Settlement Fund" means the $2,890,000.00 common cash fund Defendant is obligated to pay under the Settlement, allocated $2,023,000.00 for the Jailed Classes, $433,500.00 for the Narrowed Paid Fines Class, and $433,500.00 for the Remaining Paid Fines Class.

48.     "Settlement Website" means the website the Settlement Administrator will establish as a means for members of the Classes to obtain notice of and information about the Settlement, through and including hyperlinked access to this Agreement, the Long Form Notice, Preliminary Approval Order, Final Approval Order, final judgment, the Payment Information Form, and such other documents as the Parties agree to post or that the Court orders posted on the website. These documents shall remain on the Settlement Website at least until Final Approval. The URL of the Settlement Website shall be www.Florissantclassaction.com, or such other URL as Class Counsel and Defendant agree upon in writing.

## III.      CERTIFICATION OF THE CLASSES

49.     Plaintiffs and Defendant agree to ask the Court to certify the Remaining Paid Fines Class under Rule 23 for settlement purposes only.  The Court certified Modified Class 1, Modified Class 3, and the Narrowed Modified Class 4 under Rule 23 on February 1, 2023.

---

[2] "Jailed Class Member Payment" means the amount of money a class member shall receive from the Jailed Classes Settlement Fund. "Narrowed Paid Fines Class Member Payment" means the amount of money a class member shall receive from the Narrowed Paid Fines Class Settlement Fund. "Remaining Paid Fines Class Member Payment" means the amount of money a class member shall receive from the Remaining Paid Fines Class Settlement Fund.

Document ID: 0f417ff98f8012da092100e82d47c129f182b5cfd5780d753a1daa0d10d7eb13

## IV.     SETTLEMENT CONSIDERATION AND ESCROW ACCOUNT

50.     Subject to approval by the Court, Defendant shall establish a cash Settlement Fund of $2,890,000.00. The Settlement Fund shall be used to pay Settlement Class Members their respective Settlement Class Member Payments; any and all attorneys' fees and costs awarded to Class Counsel; any Service Awards to the Class Representatives; all Settlement Administration Costs; and any *cy pres* payment required under this Agreement. Defendant shall not be responsible for any other payments under this Agreement.

51.     For avoidance of doubt, it is agreed by the Parties that a Settlement Class Member may be a member of the Jailed Classes, the Narrowed Paid Fines Class, and/or the Remaining Paid Fines Class.  In addition, a Settlement Class Member may qualify for a Jailed Class Member Payment or a Narrowed Paid Fines Class Member Payment or a Remaining Paid Fines Class Payment, or some combination of the three payments.

52.     Subject to Section 79.c. of this Agreement, the Settlement Fund shall be paid by Defendant into the Escrow Account within 14 days of the Effective Date.

53.     The funds in the Escrow Account shall be deemed a "qualified settlement fund" within the meaning of United States Treasury Reg.§ 1.468B-l at all times since creation of the Escrow Account. All taxes (including any estimated taxes, and any interest or penalties relating to them) arising with respect to the income earned by the Escrow Account or otherwise, including any taxes or tax detriments that may be imposed upon Defendant, Defendant's counsel, Plaintiffs, and/or Class Counsel with respect to income earned by the Escrow Account, for any period during which the Escrow Account does not qualify as a "qualified settlement fund" for the purpose of federal or state income taxes or otherwise (collectively "Taxes"), shall be paid out of the Escrow Account. Defendant and Defendant's counsel and Plaintiffs and Class Counsel shall have no

Document ID: 0f417ff98f8012da092100e82d47c129f182b5cfd5780d753a1daa0d10d7eb13

liability or responsibility for any of the Taxes. The Escrow Account shall indemnify and hold Defendant and Defendant's counsel and Plaintiffs and Class Counsel harmless for all Taxes (including, without limitation, Taxes payable by reason of any such indemnification).

## V.    EQUITABLE RELIEF

54.    Within thirty days of the Effective Date of the Settlement, the City of Florissant will provide acknowledgement and confirmation that no "bond schedules" are utilized by the Florissant Police Department and jail to set conditions of release for arrested individuals.

55.    Within thirty days of the Effective Date of the Settlement, the City of Florissant will forgive all unpaid Minor Traffic Violation amounts assessed between October 31, 2011 and December 31, 2019 and still due.  Defendant shall provide written confirmation of such debt forgiveness to Class Counsel within forty-five days after the Effective Date of the Settlement.  The written confirmation shall include the total number of individuals whose debts were forgiven and the total dollar amount of debt forgiven.

56.    Within thirty days of the Effective Date of the Settlement, Defendant shall implement a policy to provide all arrested persons with unconditional access to indigency forms and, unless released, a timely indigency hearing to occur no later than 24 hours after the arrested person is booked in the Florissant jail.  Florissant shall also provide counsel for individuals held and brought before the municipal judge when (a) the individual has been declared indigent, and (b) the judge has determined that the (i) City is requesting jail time or (ii) the arrested individual is required to post a bond and (c) the individual is unrepresented.  Defendant shall provide written confirmation of such policy, including a copy of the policy itself, to Class Counsel within forty-five days after the Effective Date of the Settlement.

57.    By virtue of this Settlement, including the foregoing additional consideration and

Document ID: 0f417ff98f8012da092100e82d47c129f182b5cfd5780d753a1daa0d10d7eb13

relief, Plaintiffs agree that the claims asserted by, and relief requested by, the Injunctive Classes are resolved.

## VI.    SETTLEMENT APPROVAL

58.    Upon execution of this Agreement by all Parties, Class Counsel shall promptly move the Court for an order granting Preliminary Approval of this Settlement. The proposed Preliminary Approval Order that will be attached to the motion shall be in a form agreed upon by Class Counsel and Defendant. The motion for Preliminary Approval shall, among other things, request that the Court: (1) approve the terms of the Settlement as within the range of fair, adequate, and reasonable; (2) provisionally certify the Remaining Paid Fines Class pursuant to Federal Rule of Civil Procedure 23 for settlement purposes only; (3) approve the Notice Program set forth herein and approve the form and content of the Notices of the Settlement and the Payment Information Form; (4) approve the procedures set forth herein for Settlement Class members to opt-out from the Jailed Classes, the Narrowed Paid Fines Class, and/or the Remaining Paid Fines Class, or to object to the Settlement; (5) approve the procedures set forth herein for Remaining Paid Fines Class members to submit their Payment Information Forms; (6) stay the Action pending Final Approval of the Settlement; (7) schedule a hearing for a date and time mutually convenient for the Court, Class Counsel, and counsel for Defendant, at which time the Court will conduct an inquiry with respect to any questions it might have related to the Preliminary Approval of this Settlement; and (8) schedule a Final Approval Hearing for a time and date mutually convenient for the Court, Class Counsel, and counsel for Defendant, at which the Court will conduct an inquiry into the fairness of the Settlement, determine whether it was made in good faith, and determine whether to approve the Settlement and Class Counsel's application for attorneys' fees and costs and for Service Awards to the Class Representatives.

Document ID: 0f417fff98f8012da092100e82d47c129f182b5cfd5780d753a1daa0d10d7eb13

## VII.    DISCOVERY AND SETTLEMENT DATA

59.    Class Counsel and Defendant have engaged in extensive discovery related to liability and damages. The parties believe that they possess all data necessary to effectuate this settlement. If additional data is needed, the parties will cooperate to obtain such data. Defendant will bear the expense of extracting and/or obtaining the necessary data to make available to Class Counsel's expert for analysis, while any costs associated with Class Counsel's expert's work will be deducted from the Settlement Fund. Class Counsel's expert will analyze the data provided to determine Class membership as well as the amount of the damages to the Jailed Classes, Narrowed Paid Fines Class, and Remaining Paid Fines Class and each Settlement Class Member.  Class Counsel's expert will then create a list of Settlement Class members, damage amounts, and their postal addresses, which will be provided to Defendant for review and approval and then to the Settlement Administrator in order to provide Notice and for use in distributing Settlement Class Member Payments.  For those members of the Remaining Paid Fines Class, the Settlement Administrator will provide a postcard Notice that contains an additional Payment Information Form (or similar form as approved by the Parties) that must be detached and returned via mail, as well as an online version of the same form, as there are a number of missing addresses for said class members.  Those Remaining Paid Fines Class members who confirm their address for purposes of payment will receive a Settlement Class Member Payment as detailed herein.

## VIII.   SETTLEMENT ADMINISTRATOR

60.    The Settlement Administrator shall administer various aspects of the Settlement as described in the next paragraph hereafter and perform such other functions as are specified for the Settlement Administrator elsewhere in this Agreement, including, but not limited to,

Document ID: 0f417ff98f8012da092100e82d47c129f182b5cfd5780d753a1daa0d10d7eb13

effectuating the Notice Program and distributing the Settlement Fund as provided herein.

61. The duties of the Settlement Administrator, in addition to other responsibilities that are described in the preceding paragraph and elsewhere in this Agreement, are as follows:

a. Use the name and address information for Settlement Class members provided by the parties in connection with the Notice Program approved by the Court, for the purpose of distributing the Postcard Notice and Long Form Notice, and later mailing distribution checks to Settlement Class Members;

b. Use the name and address information for members of the Remaining Paid Fines Class provided in the Payment Information Forms for purposes of mailing distribution checks to Members of the Remaining Paid Fines Class who timely submit valid payment information;

c. Arrange for Publication Notice;

d. Establish and maintain a post office box for requests to opt-out from the Settlement Class;

e. Establish and maintain the Settlement Website;

f. Establish and maintain an automated toll-free telephone line for Settlement Class members to call with Settlement-related inquiries, and answer the frequently asked questions of Settlement Class members who call with or otherwise communicate such inquiries;

g. Respond to any mailed Settlement Class member inquiries;

h. Process all opt-out requests from the Jailed Classes, the Narrowed Paid Fines Class, and/or the Remaining Paid Fines Class;

i. Process all Payment Information Forms from members of the Remaining Paid

Document ID: 0f417ff98f8012da092100e82d47c129f182b5cfd5780d753a1daa0d10d7eb13

Fines Class;

j.   Provide weekly reports to Class Counsel and Defendant that summarizes the number of opt-out requests received that week, the number of objections received that week, the number of Payment Information Forms received that week, the total number of opt-out requests received to date, the total number of objections received to date, the total number of Payment Information Forms received to date, and other pertinent information;

k.   In advance of the Final Approval Hearing, prepare an affidavit to submit to the Court confirming that the Notice Program was completed, describing how the Notice Program was completed, providing the names of each Class member who timely and properly opted-out from one or more of the Classes, and other information as may be necessary to allow the Parties to seek and obtain Final Approval;

l.   Distribute Settlement Class Member Payments by check or electronic payment method, if elected, to Settlement Class Members;

m.  If residual funds exist after the first distribution, and if economically feasible, distribute another round of Settlement Class Member Payments by check or electronic payment method, if elected, to Settlement Class Members out of uncashed funds;

n.   Pay invoices, expenses, and costs upon approval by Class Counsel and Defendant, as provided in this Agreement;

o.   Any other Settlement-administration-related function at the instruction of Class Counsel and Defendant, including, but not limited to, verifying that the

Document ID: 0f417ff98f8012da092100e82d47c129f182b5cfd5780d753a1daa0d10d7eb13

Settlement Fund has been distributed.

## IX.   NOTICE TO JAILED CLASSES, NARROWED PAID FINES CLASS, AND REMAINING PAID FINES CLASS

62.     As soon as practicable after Preliminary Approval of the Settlement, at the direction of Class Counsel and Defendant's Counsel, the Settlement Administrator shall implement the Notice Program provided herein, using the forms of Notice approved by the Court. The Notice shall include, among other information: a description of the material terms of the Settlement; a date by which Settlement Class members may exclude themselves from or "opt-out" of the Settlement; the Response Date by which members of the Remaining Paid Fines Class must submit their Payment Information Form; a date by which Settlement Class members may object to the Settlement; the location and date of the Final Approval Hearing; and the address of the Settlement Website at which Settlement Class members may access this Agreement and other related documents and information, including but not limited to downloadable copies of the Payment Information Form as well as a readily accessible means for members of the Remaining Paid Fines Class to electronically submit payment information. Class Counsel and Defendant shall insert the correct dates and deadlines in the Notice before the Notice Program commences, based upon those dates and deadlines set by the Court in the Preliminary Approval Order.

63.     The Notice also shall include a procedure for members of the Jailed Classes, the Narrowed Paid Fines Class, and/or the Remaining Paid Fines Class to opt-out of the Settlement. Such Settlement Class members may opt-out at any time during the Opt-Out Period, provided the opt-out notice is postmarked no later than the last day of the Opt-Out Period. Requests to opt-out of the Settlement must be mailed to the Settlement Administrator.  Any member of the Jailed Classes, the Narrowed Paid Fines Class, and/or the Remaining Paid Fines Class who does not

Document ID: 0f417ff98f8012da092100e82d47c129f182b5cfd5780d753a1daa0d10d7eb13

timely and validly request to opt-out shall be bound by the terms of this Agreement.

64.     The Notice also shall include a procedure for Settlement Class Members to make a written objection to the Settlement and/or to Class Counsel's application for attorneys' fees and costs and/or Service Awards for the Class Representatives. Written objections to the Settlement, to the application for fees and costs, and/or to the Service Awards must be mailed to the Settlement Administrator and not filed with the Court. For a written objection to be considered by the Court, the objection must be submitted no later than the last day of the Opt-Out Period, as specified in the Notice. If submitted by mail, a written objection shall be deemed to have been submitted when posted if received with a postmark date indicated on the envelope if mailed first-class postage prepaid and addressed in accordance with the instructions. If submitted by private courier (*e.g.*, Federal Express), an objection shall be deemed to have been submitted on the shipping date reflected on the shipping label.

65.     Written objections should include the following:

a.    the name of the Action;

b.    the objector's full name, address, and telephone number;

c.    all grounds for the objection, accompanied by any legal support for the objection known to the objector or objector's counsel;

d.    a statement confirming whether the objector or any counsel for the objector intends to personally appear and/or testify at the Final Approval Hearing; and

e.    the objector's signature (an attorney's signature is not sufficient).

66.     Subject to Court approval, the parties may conduct limited discovery on any objector or objector's counsel consistent with the Federal Rules of Civil Procedure.

67.     If a Remaining Paid Fines Class member submits both payment information and

Document ID: 0f417ff98f8012da092100e82d47c129f182b5cfd5780d753a1daa0d10d7eb13

an opt-out request, the payment information submission shall take precedence and be considered valid and binding, and the opt-out request shall be deemed to have been sent by mistake and rejected.

68.    A Remaining Paid Fines Class member who objects to the Settlement must also submit payment information, upon which the Payment Information Form shall be processed in the same manner as all other payment information.

69.    Notice shall be provided to members of the Jailed Classes, Narrowed Paid Fines Class, and Remaining Paid Fine Class in three different ways: (a) Postcard Notice and (b) Long Form Notice with greater detail than the Postcard Notice; and (c) Publication Notice. Not all members of the Jailed Classes, Narrowed Paid Fines Class, and Remaining Paid Fine Class will receive all forms of Notice, as detailed herein.

70.    The Postcard Notice and Long Form Notice shall be in forms approved by the Court, and substantially similar to the notice forms attached hereto as Exhibits 1 and 2. The Parties may by mutual written consent make non-substantive changes to the Notices without Court approval.

71.    The Postcard Notice shall be mailed to the members of the Jailed Classes, Narrowed Paid Fines Class, and Remaining Paid Fines Class by first class United States mail to the best available mailing addresses. The form of the Postcard Notice mailed to members of the Remaining Paid Fines Class notice for whom the Parties maintain mailing addresses will also include a tear-away Payment Information Form.  Defendant shall provide the Settlement Administrator with last known mailing addresses for members of the Jailed Classes, Narrowed Paid Fines Class, and Remaining Paid Fines Class, where available. The Settlement Administrator shall run the names and addresses through the National Change of Address

Document ID: 0f417fff98f8012da092100e82d47c129f182b5cfd5780d753a1daa0d10d7eb13

Registry and update as appropriate. Additionally, the Settlement Administrator shall use standard skip tracing devices to obtain forwarding address information and, if the skip tracing yields a different forwarding address, shall mail the Postcard Notice to the forwarding address. The Settlement Administrator shall use all updated addresses from the Remaining Paid Fines Class obtained via the Payment Information Forms, as applicable.  If a mailed Postcard Notice is returned with a new forwarding address information, the Settlement Administrator shall re-mail the Postcard Notice to the new forwarding address. The Postcard Notice shall inform members of the Jailed Classes, Narrowed Paid Fines Class, and Remaining Paid Fines Class how they may request a copy of the Long Form Notice.

72.     The Opt-Out Period shall be extended for a period of 15 days for any member of the Jailed Classes, Narrowed Paid Fines Class, and/or Remaining Paid Fines Class that is sent a Postcard Notice as part of the Notice Re-mailing Process.

73.     The Publication Notice shall be comprised of a mutually agreed Publication Notice published in Missouri to apprise members of the Classes of the Settlement, as follows: print publication in the St. Louis American, and a digital social media advertising campaign. The Publication Notice shall inform members of the Jailed Classes, Narrowed Paid Fines Class, and Remaining Paid Fines Class how they may request a copy of the Long Form Notice.

74.     The Notice Program shall be completed no later than 60 days before the Final Approval Hearing.

75.     The Settlement Administrator shall maintain a database showing mail addresses to which each Notice was sent and any Notices that were not delivered. In addition to weekly updates to the Parties regarding the progress of the Notice Program and the declaration or affidavit by the Settlement Administrator in advance of the Final Approval Hearing and in

Document ID: 0f417fff98f8012da092100e82d47c129f182b5cfd5780d753a1daa0d10d7eb13

support of the motion for Final Approval, a summary report of the Notice Program shall be provided to the Parties three days prior to the Final Approval Hearing. The database maintained by the Settlement Administrator regarding the Notices shall be available to the Parties and the Court upon request.

## X.    FINAL APPROVAL ORDER AND JUDGMENT

76.    Plaintiffs' Motion for Preliminary Approval of the Settlement will include a request to the Court for a scheduled Final Approval Hearing date and location. Plaintiffs shall file their motion for Final Approval of the Settlement no later than 45 days before the Final Approval Hearing. At the Final Approval Hearing, the Court will hear argument on Plaintiffs' Motion for Final Approval of the Settlement, and on Class Counsel's application for attorneys' fees and costs and for the Service Awards for the Class Representatives. In the Court's discretion, the Court also will hear argument at the Final Approval Hearing from any members of the Jailed Classes, Narrowed Paid Fines Class, and/or Remaining Paid Fines Class who object to the Settlement or to Class Counsel's application for attorneys' fees and costs or the Service Award application. If the date or location of the Final Approval Hearing changes, that information will be included on the Settlement Website for the Settlement Class's benefit.

77.    At or following the Final Approval Hearing, the Court will determine whether to enter the Final Approval Order granting Final Approval of the Settlement and final judgment thereon, and whether to approve Class Counsel's application for attorneys' fees and costs and Service Awards for the Class Representatives.  Such proposed Final Approval Order shall, among other things:

    a.    Determine that the Settlement is fair, adequate, and reasonable;

    b.    Finally certify the Remaining Paid Fines Class for settlement purposes only;

Document ID: 0f417ff98f8012da092100e82d47c129f182b5cfd5780d753a1daa0d10d7eb13

c.  Determine that the Notice provided satisfies Federal Rule of Civil Procedure 23 and Due Process requirements;

d.  Bar and enjoin all Releasing Parties from asserting any of the Released Claims; bar and enjoin all Releasing Parties from pursuing any Released Claims against Defendant or its affiliates at any time, including during any appeal from the Final Approval Order;

e.  Release Defendant and the Released Parties from the Released Claims; and

f.  Reserve the Court's continuing and exclusive jurisdiction over the Parties to this Agreement, including Defendant, all members of the Jailed Classes, Narrowed Paid Fines Class, and Remaining Paid Fines Class, and all objectors, to construe and enforce this Agreement in accordance with its terms.

### XI.   CALCULATION AND DISBURSEMENT OF SETTLEMENT CLASS MEMBER PAYMENTS

78.   All funds held by the Settlement Administrator shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until distributed pursuant to this Agreement.

79.   All funds held by the Settlement Administrator at any time shall be deemed to be a Qualified Settlement Fund as described in Treasury Regulation §1.468B-1, 26 C.F.R. §1.468B-1. Payments shall be made from the Settlement Fund as follows:

a.  Class Counsels' Fees and Costs. Class Counsels' reasonable attorneys' fees and costs, as determined and approved by the Court, shall be paid from the Settlement Fund within 21 days after the Effective Date. Class Counsel shall apply for an award of attorneys' fees of up to 33.33% of the Settlement Fund, plus reimbursement of reasonable litigation costs, to be approved by the Court.

Document ID: 0f417ff98f8012da092100e82d47c129f182b5cfd5780d753a1daa0d10d7eb13

After approval by the Court, attorneys' fees shall be awarded and divided according to the terms of the Joint Prosecution Agreement (JPA) between Plaintiffs' counsel: 40% of the gross fee to ArchCity Defenders, 40% of the gross fee to Tycko & Zavareei, and 20% of the gross fee to Keane Law LLC. Defendant agrees not to oppose an application for attorneys' fees of up to 33.33% of the Settlement Fund, but reserves the right to oppose an application for attorneys' fees in excess of that amount.

b.   <u>Service Awards</u>. Subject to Court approval, the Class Representatives shall each be entitled to receive a Service Award of up to $7,500.00 for his or her role as a Class Representative. The Service Award shall be paid no later than 21 days after the Effective Date.

c.   <u>Settlement Administrator's Fees and Costs</u>. The Settlement Administration Costs shall be paid from the Settlement Fund, except that prior to Final Approval, the Settlement Administrator will invoice Defendant for the cost of the Notice Program and Defendant, or Defendant's insurer on behalf of Defendant, will pay such invoice(s) promptly upon receipt. Upon entry of an Order granting Final Approval, said Notice Program costs will be deducted from the total Settlement Fund, thereby reducing the amount to be paid into the Escrow Account by Defendant by the amount of the Notice Program costs. In the event the Final Approval Order is not entered or this Agreement is terminated pursuant to Section XV below, the parties agree to split equally any Settlement Administration Costs incurred by the Settlement Administrator prior to the denial of Final Approval or the termination of this Agreement, including the

Document ID: 0f417ff98f8012da092100e82d47c129f182b5cfd5780d753a1daa0d10d7eb13

Notice Program costs.

    d.   <u>Settlement Class Member Payments</u>.

        i.  The Jailed Class Net Settlement Fund shall be paid *pro rata* to the members of the Jailed Classes using the following calculation:

            1.  The dollar amount of the Jailed Class Net Settlement Fund divided by the total number of hours spent in jail by all members of the Jailed Classes, which yields a per-jailed-hour amount;

            2.  Multiply the per-jailed-hour amount by the total number of hours jailed for each member of the Jailed Classes.

            3.  This results in a Jailed Class Member Payment for each member of the Jailed Classes.

       ii.  The Narrowed Paid Fines Net Settlement Fund shall be paid *pro rata* to the members of the Narrowed Paid Fines Class using the following calculation:

            1.  The dollar amount of the Narrowed Paid Fines Class Settlement Fund divided by the total dollar amount of qualifying fines, costs, and/or fees paid by all members of the Narrowed Paid Fines Class, which yields a per-dollar-fined rate;

            2.  Multiply the per-dollar-fined rate by the total amount of fines, costs, and/or fees assessed against and paid by each member of the Narrowed Paid Fines Class.

            3.  This results in a Narrowed Paid Fines Class Member Payment for each member of the Narrowed Paid Fines Class.

Document ID: 0f417ff98f8012da092100e82d47c129f182b5cfd5780d753a1daa0d10d7eb13

iii. The Remaining Paid Fines Net Settlement Fund shall be paid *pro rata* to the members of the Remaining Paid Fines Class who timely submit a valid Payment Information Form, using the following calculation:

1. The dollar amount of the Remaining Paid Fines Class Settlement Fund divided by the total dollar amount of fines, costs, and/or fees paid by all members of the Remaining Paid Fines Class, which yields a per-dollar-fined rate;

2. Multiply the per-dollar-fined rate by the total amount of fines, costs, and/or fees charged to and paid by each member of the Remaining Paid Fines Class.

3. This results in a Remaining Paid Fines Class Member Payment for each member of the Remaining Paid Fines Class who timely submitted a valid Payment Information Form.

4. Remaining Paid Fines Class Members will be required to provide their payment information by the Response Deadline as a condition of receiving payment under the Settlement. Remaining Paid Fines Class Members must elect to receive their payment by physical check, electronic check, or Automated Clearing House ("ACH," a/k/a direct deposit). For those Remaining Paid Fines Class Members who provide their payment information, a transfer reflecting their payment shall be transmitted to the Remaining Paid Fines Class Members within 30 calendar days after the Effective Date.

iv. The total of the Jailed Class Member Payment, Narrowed Paid Fines

Document ID: 0f417ff98f8012da092100e82d47c129f182b5cfd5780d753a1daa0d10d7eb13

Class Member Payment, and/or Remaining Paid Fines Class Member Payment due to each Settlement Class Member is the total Settlement Class Member Payment.

v.  Settlement Class Member Payments shall be made no later than 30 days after the Effective Date, as follows:

1.  Members of the Jailed Classes, Narrowed Paid Fines Class, and/or Remaining Paid Fines Class shall be sent a check by the Settlement Administrator at the address used to provide the Notice, or at such other address as designated by the Class Member or by such other payment method as designated by the Class Member (for example, as included in the Payment Information Form for Remaining Paid Fines Class Members). The Settlement Administrator will make reasonable efforts to locate the proper address for any check returned by the Postal Service as undeliverable and will re-mail it once to the updated address. Class Members shall have 90 days to negotiate the check. Any checks uncashed after 90 days shall be distributed pursuant to Section XII.

e.  In no event shall any portion of the Settlement Fund revert to Defendant.

## XII.  DISPOSITION OF RESIDUAL FUNDS

80.  Within 120 days after the date the Settlement Administrator mails the first Settlement Class Member Payment, any remaining amounts resulting from uncashed checks ("Residual Funds") shall be distributed as follows:

26 of 37

Document ID: 0f417ff98f8012da092100e82d47c129f182b5cfd5780d753a1daa0d10d7eb13

81.     First, any Residual Funds remaining after distribution shall be distributed on a pro rata basis to participating members of the Jailed Classes, Narrowed Paid Fines Class, and Remaining Paid Fines Class who received and cashed Settlement Class Member Payments, to the extent feasible and practical in light of the costs of administering such subsequent payments, unless the amounts involved are too small to make individual distributions economically feasible or other specific reasons exist that would make such further distributions impossible or unfair. Should such a second distribution be made, members of the Jailed Classes, Narrowed Paid Fines Class, and/or Remaining Paid Fines Class will receive a second check.  Any second distribution checks shall be valid for 90 days.

82.     Second, in the event the costs of preparing, transmitting and administering such subsequent payments to members of the Jailed Classes, Narrowed Paid Fines Class, and Remaining Paid Fines Class are not feasible and practical to make individual distributions economically feasible or other specific reasons exist that would make such further distributions impossible or unfair, or if such a second distribution is made and Residual Funds still remain, Class Counsel and Defendant shall seek the Court's approval to distribute the Residual Funds to a *cy pres* recipient. The Parties shall propose Marygrove as the cy pres recipient, an entity that is a nonprofit organization or foundation providing residential and non-residential mental health support to children in the St. Louis region who have suffered abuse.

83.     Within 30 days after the date on which checks issued from the first distribution are no longer valid, the Parties shall submit a report to the Court identifying the total amount that was actually paid to members of the Jailed Classes, Narrowed Paid Fines Class, and Remaining Paid Fines Class and whether the Parties request approval of a second distribution or whether instead the *cy pres* payment should be made. The report will also request Court-approval of the *cy pres*

Document ID: 0f417fff98f8012da092100e82d47c129f182b5cfd5780d753a1daa0d10d7eb13

recipient(s) for any residual funds that remain following the second distribution or that should immediately be paid in the event that there will be no second distribution.

84.     All costs of any second distribution shall come from the Residual Funds.  Costs for delivery of Residual Funds to a *cy pres* recipient shall also come from the Residual Funds.

### XIII.  RELEASES

85.     As of the Effective Date, the Releasing Parties shall automatically be deemed to have fully and irrevocably released and forever discharged the Released Parties of and from any and all liabilities, rights, claims, actions, causes of action, demands, damages, costs, attorneys' fees, losses and remedies, whether known or unknown, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, based on contract, tort or any other theory, that result from, arise out of, are based upon, or relate to the conduct, omissions, duties or matters during the Class Period that were or could have been alleged in the Action, including but not limited to "sham warrant" claims and claims for injunctive relief ("Released Claims").

86.     Each member of the Jailed Classes, Narrowed Paid Fines Class, and/or Remaining Paid Fines Class is barred and permanently enjoined from bringing on behalf of themselves, or through any person purporting to act on their behalf or purporting to assert a claim under or through them, any of the Released Claims against Defendant in any forum, action, or proceeding of any kind.

### XIV.  PAYMENT OF ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS

87.     Defendant agrees that Class Counsel shall be entitled to request an award of reasonable attorneys' fee of up to 33.33% of the Settlement Fund and request reimbursement of reasonable costs, to be determined by the Court.  Any award of attorneys' fees and costs to Class

Document ID: 0f417fff98f8012da092100e82d47c129f182b5cfd5780d753a1daa0d10d7eb13

Counsel shall be payable solely out of the Settlement Fund.  The Parties agree that the Court's failure to approve, in whole or in part, any award for attorneys' fees shall not prevent the Settlement Agreement from becoming effective, nor shall it be grounds for termination.

88.     The application for attorneys' fees and costs to be awarded to Class Counsel and for Service Awards for the Class Representative shall be filed not later than 75 days before the Final Approval Hearing.

89.     After the attorneys' fees and costs have been paid to Class Counsel by the Settlement Administrator, Class Counsel shall be solely responsible for distributing each Class Counsel firm's allocated share of such fees and costs to that firm. Defendant shall have no responsibility for any allocation, and no liability whatsoever to any person or entity claiming any share of the funds to be distributed for payment of attorneys' fees and costs or any other payments from the Settlement Fund not specifically described herein. Likewise, Class Counsel shall be solely responsible for addressing and resolving any claim or dispute asserted by any Settlement Class Member concerning entitlement to a payment, the amount of such payment, or any other issue raised regarding this settlement, including any attorneys' fees and any other costs or expenses.

90.     Defendant agrees that Class Counsel shall be entitled to request the Court to approve a Service Award to each Plaintiff as a Class Representative in an amount up to $7,500.00, to be approved by the Court. The Service Award shall be paid to the Class Representative in addition to Class Representative's Settlement Class Member Payment. The Parties agree that the Court's failure to approve a Service Award, in whole or in part, shall not prevent the Settlement Agreement from becoming effective, nor shall it be grounds for termination.

91.     The Parties negotiated and reached agreement regarding attorneys' fees and costs and the Service Awards only after reaching agreement on all other material terms of this

Document ID: 0f417ff98f8012da092100e82d47c129f182b5cfd5780d753a1daa0d10d7eb13

Settlement.

### XV.   TERMINATION OF SETTLEMENT

92.   This Settlement may be terminated by either Class Counsel or Defendant by serving on counsel for the opposing Party and filing with the Court a written notice of termination within 15 days (or such longer time as may be agreed in writing between Class Counsel and Defendant) after any of the following occurrences:

    a.   Class Counsel and Defendant agree to termination;

    b.   the Court rejects, materially modifies, materially amends, or changes, or declines to grant Preliminary Approval or Final Approval;

    c.   an appellate court vacates or reverses the Final Approval Order, and the Settlement is not reinstated and finally approved without material change by the Court on remand within 360 days after such reversal;

    d.   any court incorporates into, or deletes or strikes from, or modifies, amends, or changes, the Preliminary Approval Order, Final Approval Order, or the Settlement in a way that Class Counsel or Defendant seeking to terminate the Settlement reasonably considers material;

    e.   the Effective Date does not occur; or

    f.   any other ground for termination provided for elsewhere in this Agreement.

93.   The Parties agree that the Court will resolve any dispute among them regarding whether the Settlement may be terminated pursuant to this Agreement.

### XVI.   EFFECT OF A TERMINATION

94.   The grounds upon which this Agreement may be terminated are set forth herein above. In the event of a termination, this Agreement shall be considered null and void; all of

Document ID: 0f417ff98f8012da092100e82d47c129f182b5cfd5780d753a1daa0d10d7eb13

Plaintiffs', Class Counsel's, and Defendant's obligations under the Settlement shall cease to be of any force and effect; and the Parties shall return to the status *quo ante* in the Action as if the Parties had not entered into this Agreement. In addition, in the event of such a termination, all of the Parties' respective pre-Settlement rights, claims and defenses will be retained and preserved.

95.     The Settlement shall become effective on the Effective Date unless earlier terminated in accordance with the provisions hereof. The Settlement is final and shall not be terminable as of the Effective Date.

96.     In the event the Settlement is terminated in accordance with the provisions of this Agreement, any discussions, offers, or negotiations associated with this Settlement shall not be discoverable or offered into evidence or used in the Action or any other action or proceeding for any purpose. In such event, all Parties to the Action shall stand in the same position as if this Agreement had not been negotiated, made, or filed with the Court.

## XVII.  **NO ADMISSION OF LIABILITY**

97.     Defendant continues to dispute its liability for the claims alleged in the Action. Defendant does not admit any liability or wrongdoing of any kind, by this Agreement or otherwise. Defendant has agreed to enter into this Agreement to avoid the further expense, inconvenience, and distraction of burdensome and protracted litigation, and to be completely free of any further claims that were asserted or could possibly have been asserted in the Action.

98.     Class Counsel believe that the claims asserted in the Action have merit, and they have examined and considered the benefits to be obtained under the proposed Settlement set forth in this Agreement, the risks associated with the continued prosecution of this complex, costly, and time-consuming litigation, and the likelihood of success on the merits of the Action.

Document ID: 0f417ff98f8012da092100e82d47c129f182b5cfd5780d753a1daa0d10d7eb13

Class Counsel fully investigated the facts and law relevant to the merits of the claims, conducted significant discovery, extensive motions practice including on the pleadings and at class certification, and conducted independent investigation of the challenged practices. Class Counsel concluded that the proposed Settlement set forth in this Agreement is fair, adequate, reasonable, and in the best interests of the members of the Classes.

99.     The Parties understand and acknowledge that this Agreement constitutes a compromise and settlement of disputed claims. No action taken by the Parties either previously or in connection with the negotiations or proceedings connected with this Agreement shall be deemed or construed to be an admission of the truth or falsity of any claims or defenses heretofore made, or an acknowledgment or admission by any party of any fault, liability, or wrongdoing of any kind whatsoever.

100.     Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement: (a) is or may be deemed to be, or may be used as, an admission of, or evidence of, the validity of any claim made by the Plaintiffs or members of the Classes, or of any wrongdoing or liability of the Released Parties; or (b) is or may be deemed to be, or may be used as, an admission of, or evidence of, any fault or omission of any of the Released Parties, in the Action or in any proceeding in any court, administrative agency, or other tribunal.

101.  In addition to any other defenses Defendant may have at law, in equity, or otherwise, to the extent permitted by law, this Agreement may be pleaded as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit or other proceeding that may be instituted, prosecuted, or attempted in breach of this Agreement or the Releases contained herein.

Document ID: 0f417ff98f8012da092100e82d47c129f182b5cfd5780d753a1daa0d10d7eb13

## XVIII. <u>MISCELLANEOUS PROVISIONS</u>

102.    <u>Gender and Plurals</u>. As used in this Agreement, the masculine, feminine or neuter gender, and the singular or plural number, shall each be deemed to include the others whenever the context so indicates.

103.    <u>Binding Effect</u>.  This Agreement shall be binding upon, and inure to for the benefit of, the successors and assigns of the Releasing Parties and the Released Parties.

104.    <u>Cooperation of Parties</u>.  The Parties to this Agreement agree to cooperate in good faith to prepare and execute all documents, to seek Court approval, uphold Court approval, and do all things reasonably necessary to complete and effectuate the Settlement described in this Agreement.

105.    <u>Obligation to Meet and Confer</u>.  Before filing any motion in the Court raising a dispute arising out of or related to this Agreement, the Parties shall consult with each other and certify to the Court that they have consulted.

106.    <u>Integration</u>.   This Agreement constitutes a single, integrated written contract expressing the entire agreement of the Parties relative to the subject matter hereof. No covenants, agreements, representations, or warranties of any kind whatsoever have been made by any Party hereto, except as provided for herein.

107.    <u>No Conflict Intended</u>.   Any inconsistency between the headings used in this Agreement and the text of the paragraphs of this Agreement shall be resolved in favor of the text.

108.    <u>Governing Law</u>. Except as otherwise provided herein, the Agreement shall be construed in accordance with, and be governed by, the laws of the State of Missouri, without regard to the principles thereof regarding choice of law.

Document ID: 0f417ff98f8012da092100e82d47c129f182b5cfd5780d753a1daa0d10d7eb13

109.   <u>Counterparts</u>. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, even though all Parties do not sign the same counterparts. Original signatures are not required. Any signature submitted by facsimile or through email of an Adobe PDF shall be deemed an original.

110.   <u>Jurisdiction</u>.   The Court shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties. The Court shall retain jurisdiction with respect to the administration, consummation, and enforcement of the Agreement and shall retain jurisdiction for the purpose of enforcing all terms of the Agreement. The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice Program and the Settlement Administrator. As part of their agreement to render services in connection with this Settlement, the Settlement Administrator shall consent to the jurisdiction of the Court for this purpose. The Court shall retain jurisdiction over the enforcement of the Court's orders barring all Releasing Parties from asserting any of the Released Claims and from pursuing any Released Claims against Defendant or its affiliates at any time, including during any appeal from the Final Approval Order.

111.   <u>Notices</u>.  All notices to Class Counsel and Defendant's counsel provided for herein, shall be sent by email with a hard copy sent by overnight mail to:

KEANE LAW LLC
Ryan Keane, Esq.
7711 Bonhomme Ave, Suite 600
St. Louis, Missouri 63105

ARCHCITY DEFENDERS, INC.

Document ID: 0f417ff98f8012da092100e82d47c129f182b5cfd5780d753a1daa0d10d7eb13

Nathaniel R. Carroll, Esq.
Blake Strode, Esq.
440 N. 4th Street, Suite 390
St. Louis, Missouri 63102

TYCKO & ZAVAREEI LLP
Andrea R. Gold, Esq.
2000 Pennsylvania Avenue NW, Suite 1010
Washington, DC 20006

The notice recipients and addresses designated above may be changed by written notice. Upon the request of any of the Parties, the Parties agree to promptly provide each other with copies of objections, requests for exclusion, or other filings received as a result of the Notice program.

112.   <u>Modification and Amendment</u>.  This Agreement may not be amended or modified, except by a written instrument signed by Class Counsel and counsel for Defendant and, if the Settlement has been approved preliminarily by the Court, approved by the Court.

113.   <u>No Waiver</u>.  The waiver by any Party of any breach of this Agreement by another Party shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Agreement.

114.   <u>Authority</u>.  Class Counsel (for the Plaintiffs and members of the Classes), and Defendant , represent and warrant that the persons signing this Agreement on their behalf have full power and authority to bind every person, partnership, corporation, or entity included within the definitions of Plaintiff and Defendant to all terms of this Agreement. Any person executing this Agreement in a representative capacity represents and warrants that he or she is fully authorized to do so and to bind the Party on whose behalf he or she signs this Agreement to all of the terms and provisions of this Agreement.

115.   <u>Agreement Mutually Prepared</u>.  Neither Defendant nor Plaintiffs, nor any of them, shall be considered to be the drafter of this Agreement or any of its provisions for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed

Document ID: 0f417ff98f8012da092100e82d47c129f182b5cfd5780d753a1daa0d10d7eb13

against the drafter of this Agreement.

116.   <u>Independent Investigation and Decision to Settle</u>.   The Parties understand and acknowledge that they: (a) have performed an independent investigation of the allegations of fact and and law made in connection with this Action; and (b) that even if they may hereafter discover facts in addition to, or different from, those that they now know or believe to be true with respect to the subject matter of the Action as reflected in this Agreement, that will not affect or in any respect limit the binding nature of this Agreement. Defendant has provided and is providing information that Plaintiffs reasonably request to identify members of the Classes and the alleged damages they incurred. The Parties agree that this Settlement is reasonable and will not attempt to renegotiate or otherwise void or invalidate or terminate the Settlement irrespective of what any unexamined data later shows. It is the Parties' intention to resolve their disputes in connection with this Action pursuant to the terms of this Agreement now and thus, in furtherance of their intentions, the Agreement shall remain in full force and effect notwithstanding the discovery of any additional facts or law, or changes in law, and this Agreement shall not be subject to rescission or modification by reason of any changes or differences in facts or law, subsequently occurring or otherwise.

117.   <u>Receipt of Advice of Counsel</u>.   Each Party acknowledges, agrees, and specifically warrants that he, she, or it has fully read this Agreement and the Releases contained herein, received independent legal advice with respect to the advisability of entering into this Agreement and the Releases, and the legal effects of this Agreement and the Releases, and fully understands the effect of this Agreement and the Releases.

Document ID: 0f417fff98f8012da092100e82d47c129f182b5cfd5780d753a1daa0d10d7eb13

Dated: 09/20/2023

Signer ID: 20UXTZ4411...
Thomas Baker
*Plaintiff and Class Representative*

Dated: 09/20/2023

Signer ID: WXNZ7EMA11...
Sean Bailey
*Plaintiff and Class Representative*

Dated: 09/20/2023

Nicole Bolden
*Plaintiff and Class Representative*

Dated: 09/20/2023

Signer ID: 4MS21ZYJ11...
Allison Nelson
*Plaintiff and Class Representative*

Dated: 09/20/2023

Signer ID: DLX0QFER11...
Umi Okoli (f.k.a. Meredith Walker)
*Plaintiff and Class Representative*

Dated: 09/20/2023

Signer ID: QRXYCVJJ10...
Nathaniel R. Carroll, Esq.
ARCHCITY DEFENDERS, INC.
*Class Counsel*

Dated: 09/20/2023

Signer ID: OLEGRG8511...
Andrea Gold, Esq.
TYCKO & ZAVAREEI LLP
*Class Counsel*

Dated: 09/20/2023

Signer ID: QCIN3AV211...
Ryan Keane, Esq.
KEANE LAW LLC
*Class Counsel*

Dated: Sep 20, 2023

Timothy J Lowery
Timothy J Lowery (Sep 20, 2023 21:20 CDT)
THE CITY OF FLORISSANT

By: Timothy J. Lowery

ITS Mayor

Document ID: 0f417ff98f8012da092100e82d47c129f182b5cfd5780d753a1daa0d10d7eb13