**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| THOMAS BAKER, et al., Individually and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 4:16-CV-1693 RHH ) |
| CITY OF FLORISSANT, | ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

The Court has considered the Settlement Agreement and its Exhibits, the Motion for Preliminary Approval of Class Settlement, Certificate of Settlement Class, Permission to Disseminate Class Notice, and all other papers filed in this action. The matter having been submitted and good cause appearing therefore, the Court finds as follows:

1. All defined terms contained herein have the same meaning as set forth in the Settlement Agreement executed by the Parties and filed with this Court as Exhibit 1 to the Motion for Preliminary Approval of Class Action Settlement ("Settlement Agreement");

2. The Class Representatives and the Defendant, through their counsel of record in this Action, have reached an agreement to settle all claims in the present litigation;

3. The Court preliminarily concludes that, for the purpose of approving this Settlement Agreement only and for no other purpose and with no other effect on the litigation should the proposed Settlement Agreement not ultimately be approved or should the Effective Date not occur, the proposed additional Settlement Class (the Remaining Paid Fines Class) likely meets the requirements for certification under Rule 23 of the Federal Rules of Civil Procedure: (a)

the proposed Remaining Fines Class is ascertainable and so numerous that joinder of all members of the class is impracticable; (b) there are questions of law or fact common to the proposed Remaining Paid Fines Class, and there is a well-defined community of interest among members of the proposed Remaining Paid Fines Class with respect to the subject matter of the litigation; (c) the claims of the proposed Remaining Paid Fines Class with respect to this Class—Nicole Bolden—are typical of the claims of the members of the proposed Remaining Paid Fines Class; (d) the Class Representative will fairy and adequately protect the interests of the Members of the Remaining Paid Fines Class; (e) the counsel of record for the Class Representative are qualified to serve as counsel for the Class Representative in her own capacity as well as her representative capacity and for the Remaining Paid Fines Class; (f) common issues will likely predominate over individual issues; and (g) a class action is superior to other available methods for an efficient adjudication of this controversy.

4. The Class Representatives have presented to the Court for review a Settlement Agreement attached as Exhibit 1 to the Motion for Preliminary Approval of Class Action Settlement. The Settlement Agreement proposes a settlement that is within the range of reasonableness and meets the requirements for preliminary approval.

5. The Court preliminarily finds that the settlement of this action, on the terms and conditions set forth in the Settlement Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class members, when considering the merits of Plaintiffs' case, weighed against the terms of the settlement, Defendant's financial condition; and the complexity and expense of further litigation. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 932 (8th Cir. 2005) (citing *Van Horn v. Trickey*, 840 F.2d 604, 606 (8th Cir. 1988)).

6. The Court has also considered the following factors in preliminarily finding that the settlement of this action, on the terms and conditions set forth in the Settlement Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class members:

> (A) the class representatives and class counsel have adequately represented the class;
>
> (B) the proposal was negotiated at arm's length; and
>
> (C) the relief provided for the class is adequate, taking into account:
>
>> (i) the costs, risks, and delay of trial and appeal;
>>
>> (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>>
>> (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
>>
>> (iv) any agreement required to be identified under Rule 23(e)(3); and
>
> (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

7. The Class Representatives have presented to the Court for review a plan to provide to Settlement Class members notice of the terms of the Settlement Agreement and the various options the Settlement Class members have, including, among other things, the option for Settlement Class members to opt out of the class action and the option to object to the proposed Settlement Agreement and/or to Class Counsel's application for an award of attorneys' fees and costs and/or Service Awards for the Class Representatives. The notice will be provided consistent with the requirements of the Settlement Agreement. The mailing and publication of notice described in the Settlement Agreement constitutes the best practical notice of the Final Approval

3

Hearing, the proposed Settlement Agreement, Class Counsel's Application for Fees and Expenses and Class Representative Compensation, and all other matters set forth in the proposed Notice of Class Action Settlement, and constitutes valid, due, and sufficient notice to all members of the Settlement Class, and complies fully with the requirements of Fed. R. Civ. P. 23(c)(2)(B), the Constitutions of the United States and State of Missouri, the Settlement Class members' rights of due process, and all other applicable law.

8. The Court approves the proposed Long Form Notice and Postcard Notice, attached to the Settlement Agreement as Exhibits 1 and 2 respectively, to be sent to Settlement Class members, **subject to the following corrections and clarifications:**

(A) The first row, first column of the chart on the first page of the Long Form Notice shall refer to "MEMBERS OF THE JAILED CLASSES," instead of "MEMBERS OF THE JAILED CLASS,"
(B) The courtroom location for the Final Approval hearing indicated on the Postcard Notice and in answer to Question 16 of the Long Form Notice shall be Courtroom 13 North and not Courtroom 3 North. The date and time of the hearing shall reflect the date and time set in this Order.

9. The schedule for mailing and publication of the Notice Program as previously adopted by the Court (ECF Nos. 279, 280) and the time frames within which action is required under the Settlement Agreement (ECF No. 287-1) are reasonable. Pursuant to paragraph 62 of the Settlement Agreement, the dates and deadlines for such action are set out in this Order and shall be inserted in the Notice of Class Action Settlement before the Notice Program commences. Good cause appearing therefore, **IT IS HEREBY ORDERED** that:

1. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court on February 1, 2023, certified three Rule 23(b)(3) and Rule 23(b)(2) classes. (ECF No. 253.) The Court also appointed Nathaniel Carroll,[1] John Waldron, and Blake Strode of Arch City Defenders, Inc.;

---

[1] Formerly of Keane Law LLC.

Andrea R. Gold of Tycko & Zavareei LLP; and Ryan Keane of Keane Law LLC as Class Counsel for the certified classes. (*Id.*)

2.   Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby certifies that this action may proceed as a class action, for settlement purposes only, on behalf of an additional Rule 23(b)(3) class, the Remaining Paid Fines Class, defined as:

> All persons who made a payment of fines, costs, and/or fees to the City of Florissant that were assessed without an inquiry into their ability to pay, and who paid such fines, costs, and/or fees, and such payment was not a qualifying payment for the Narrowed Paid Fines Class.

3.   Plaintiff Nicole Bolden is hereby preliminarily appointed as Class Representative for the Remaining Paid Fines Class.

4.   Nathaniel Carroll, Maureen Hanlon, and Blake Strode of Arch City Defenders, Inc.; Andrea R. Gold of Tycko & Zavareei LLP; and Ryan Keane of Keane Law LLC are hereby preliminarily appointed as Class Counsel for the Remaining Paid Fines Class.

5.   The Court hereby grants preliminary approval of the Settlement Agreement as falling within the range of possible approval and meriting submission to Settlement Class members for their consideration.

6.   Notice of the proposed Settlement Agreement and the rights of Settlement Class members to opt out of or object to the Settlement Agreement shall be given by issuance of direct mailed notice and publication consistent with the terms of the Settlement Agreement and will be sent to Settlement Class members as soon as practicable after entry of this Order **and not later than February 1, 2024**. Defendant Florissant shall pay all costs and expenses of providing notice to the Settlement Class members via the Settlement Fund.

7. **Not later than February 16, 2024**, Class Counsel shall file any application for attorneys' fees and costs to be awarded to Class Counsel and for Service Awards for the Class Representatives. The Court will review any such application at the Final Approval Hearing.

8. All requests for exclusion must be mailed to the Settlement Administrator and postmarked **on or before March 4, 2024.**

9. All objections, whether to the Settlement Agreement, request for attorneys' fees and costs, and/or to the Service Awards must be in writing and mailed to the Settlement Administrator postmarked **on or before March 4, 2024**.

10. **Not later than April 3, 2024**, the Settlement Administrator shall provide Class Counsel and Defendant's Counsel a list of Class members who submitted valid and timely exclusion requests.

11. **Not later than April 3, 2024**, the Settlement Administrator shall file with the Court and serve upon Class Counsel any written objections received from Class members.

12. **Not later than April 3, 2024**, the Settlement Administrator shall provide Class Counsel and Defendant's Counsel with a Declaration of Compliance to be filed with the Court in connection with the Motion for Final Approval.

13. **Not later than April 8, 2024**, Counsel shall file Motion for Final Approval of the Settlement.

14. A Final Approval Hearing will be held before this Court on **May 13, 2024, at 1:00 pm** at the Thomas F. Eagleton United States Courthouse, 111 South Tenth Street, St. Louis, Missouri 63102, in Courtroom 13N, to consider whether the Settlement Agreement should be given final approval by the Court. At the Final Approval Hearing, the Court will consider:

(a) whether to finally certify the Remaining Paid Fines Class;

(b) whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate;

(c) whether a Final Judgment should be entered thereon;

(d) whether Class Counsel fairly and adequately protected the interest of the Settlement Class; and

(e) whether Class Counsel's Application for Attorneys' Fees and Costs and Service Awards for the Class Representatives should be approved by the Court.

15. Written objections to the proposed settlement will be considered by the Court only if mailed to the Settlement Administrator and postmarked on or before the Opt-Out Period, as set out in the Notice of Class Action Settlement.

16. At the Final Approval Hearing, Settlement Class members who have not opted-out of the Settlement may be heard orally in support of or—if they have timely submitted written objections—in opposition to the Settlement Agreement, provided that each such class member requesting to be heard files with the Court a "Notice of Intention to Appear" that includes the required information as specified in the Notice of Class Action Settlement. Any Notice of Intention to Appear must be filed with the Court no later than **April 29, 2024**. Any Settlement Class member who fails to timely file a proper Notice of Intention to Appear will not be heard at the Final Approval Hearing.

17. Class Counsel and Defendant's Counsel should be prepared at the hearing to respond to objections filed by Settlement Class members and to provide other information as appropriate, bearing on whether or not the settlement should be approved.

18. With the exception of the actions to be taken as directed in this Order, this case is **STAYED** pending the Final Approval of the Settlement.

19.   In the event that the Effective Date occurs, all Settlement Class members will be deemed to have forever released and discharged the Released Claims. In the event that the Effective Date does not occur for any reason whatsoever, the Settlement Agreement shall be deemed null and void and shall not have effect whatsoever.

IT IS SO ORDERED.

Dated this 2nd day of January, 2024.

_____
RODNEY H. HOLMES
UNITED STATES MAGISTRATE JUDGE