UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THOMAS BAKER, *et al.,*<br>Individually and on behalf of all others<br>similarly situated,<br><br>　　　Plaintiffs,<br><br>v.<br><br>THE CITY OF FLORISSANT,<br><br>　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 4:16-cv-1693-RHH<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' MOTION FOR AN AWARD OF
ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS**

Plaintiffs Thomas Baker, Sean Bailey, Nicole Bolden, Allison Nelson, and Umi Okoli (f.k.a. Meredith Walker) ("Plaintiffs"), on behalf of themselves and all others similarly situated, move this Court for an Order awarding attorneys' fees in the amount of $963,333.33 and reimbursement of costs in the amount of $187,196.46. In addition, Plaintiffs move for Service Awards of $7,500 for each of Class Representatives Thomas Baker, Sean Bailey, Nicole Bolden, Allison Nelson, and Umi Okoli (f.k.a. Meredith Walker). As set out more fully in the accompanying Memorandum in support of this motion, Plaintiffs state as follows:

1.　　　Plaintiffs allege that Defendant City of Florissant, Missouri ("Florissant" or "Defendant") violated the United States Constitution and Missouri law by implementing a systematic "pay-to-play" arrest and detention scheme that preyed on some of the most vulnerable populations in the area by arresting already impoverished individuals solely for failing to pay minor municipal fines or failing to appear in its municipal court, and compelling them to either sit in jail absent process for several days or pay a "warrant bond fee," all without any inquiry into their ability to pay. *See* ECF Nos. 1, 16, 204. Plaintiffs further alleged Florissant annually arrested

1

thousands of class members on warrants but failed to bring them before a judge, as well as coerced certain class members to pay fines, costs, and/or fees under threat of incarceration (also absent any inquiry into their ability to pay). *See generally id.* The lawsuit sought damages as well as injunctive and declaratory relief, as well as costs and attorneys' fees. *Id.*

2. Florissant has denied liability and asserted multiple affirmative defenses. *See* Answer to Class Action Complaint (ECF No. 58).

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, on February 1, 2023, the Court granted in part Plaintiffs' Motion for Class Certification, certifying three Rule 23(b)(3) and Rule 23(b)(2) classes. ECF No. 253. The Court also appointed Nathaniel Carroll of Arch City Defenders, Inc. (at the time of Keane Law LLC), Blake Strode of Arch City Defenders, Inc.; John Waldron of Khazaeli Wyrsch LLC (at the time at Arch City Defenders, Inc.); Andrea R. Gold of Tycko & Zavareei LLP; and Ryan Keane of Keane Law LLC as Class Counsel for the certified classes, and appointed Thomas Baker, Sean Bailey, Nicole Bolden, Allison Nelson, and Umi Okoli (f.k.a. Meredith Walker) as Class Representatives. *Id.*

4. On May 23, 2023, after more than seven years of litigation that included conducting twenty-three depositions, issuing and answering multiple Requests for Production, and six Sets of Interrogatories, reviewing over 500,000 pages of documents, the production of expert reports with respect to damages, and the grant of a contested motion for class certification, the parties arrived at a Settlement that will provide meaningful cash compensation, as well as other relief, to the Classes and avoid the risks and delay of further litigation.

5. On January 2, 2024, this Court preliminarily approved the Settlement, finding it to be fair, reasonable, and adequate, and in the best interest of Class Members. *See* ECF No. 289. The Court also preliminarily certified an additional class—the Remaining Paid Fines Class—for

settlement purposes only, preliminarily appointed Plaintiff Nicole Boldman as Class Representative for the Remaining Paid Fines Class, preliminarily appointed Nathaniel Carroll, Maureen Hanlon, and Blake Strode of Arch City Defenders, Inc.; Andrea R. Gold of Tycko & Zavareei LLP; and Ryan Keane of Keane Law LLC as Class Counsel for the Remaining Paid Fines Class, and directed Notice of the Settlement to be issued to Settlement Class members. *Id.* at 4-5. Plaintiffs will separately file a motion for final approval of the Settlement and certification of the Remaining Paid Fines Class. *Id.* at 6. The Final Approval Hearing is scheduled to be held on Monday, May 13, 2024. *Id.*

6. Pursuant to the Settlement Agreement, ECF No. 287-1, Florissant has agreed to pay $2,890,000.00 into a non-reversionary common fund account for the benefit of all Settlement Class members.

7. Plaintiffs request this Court's approval of $963,333.33 in attorneys' fees, representing one-third of the gross settlement amount, as well as reimbursement of costs in the amount of $187,196.46. The award of this percentage is supported by the outstanding results achieved for the Settlement Class members' benefit and the significant risk incurred in taking on a complex class action like this one, which involves questions of constitutional law and interpretation as well as issues of sovereign immunity and municipal liability, on a contingency basis. *See Webb, et al. v. the City of Maplewood, Missouri.*, No. 4:16-CV-1703-CDP (E.D. Mo.), Dkt. 273 at 11 (approving attorneys' fees in the amount of one-third of the Settlement Fund).

8. Use of the percentage method in this Circuit is well established. *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1157 (8th Cir. 1999). Indeed, where fees are distributed from a common fund, it is the preferred method. *See West v. PSS World Med., Inc.*, No. 4:13 CV 574, 2014 WL 1648741, at *1 (E.D. Mo. Apr. 24, 2014) ("[W]here attorney fees and class members' benefits are

3

distributed from one fund, a percentage-of-the-benefit method may be preferable to the lodestar method for determining reasonable fees." (citations omitted)); *accord Barfield v. Sho-Me Power Elec. Co-op.*, No. 2:11-CV-4321NKL, 2015 WL 3460346, at *3 (W.D. Mo. June 1, 2015); *Wiles v. Southwestern Bell Tel. Co.*, No. 09-4236-CV-C-NKL, 2011 WL 2416291, at *4 (W.D. Mo. June 9, 2011); *see also In re Chrysler Motors Corp. Overnight Evaluation Program Litig.*, 736 F. Supp. 1007, 1008-09 (E.D. Mo. 1990) (percentage of fund "is a more appropriate and efficient means of calculating an attorneys' fee award" than the lodestar method).

9. The request for one-third of the gross settlement amount here is reasonable and well within the range typically approved by courts in this Circuit, especially considering that this case was settled just before summary judgment and trial. *See Huyer v. Buckley*, 849 F.3d 395, 399 (8th Cir. 2017) ("Indeed, courts have frequently awarded attorneys' fees ranging up to 36% in class actions."); *Cromeans v. Morgan, Keegan & Co., Inc.*, No. 2:12-CV-04269-NKL, 2015 WL 5785576, at *3 (W.D. Mo. Sept. 16, 2015) *report and recommendation adopted*, No. 2:12-CV-04269-NKL, 2015 WL 5785508 (W.D. Mo. Oct. 2, 2015) (finding one-third of fund reasonable); *West*, 2014 WL 1648741, at *1 (same); *Barfield*, 2015 WL 3460346, at *4 (finding 33% of fund reasonable); *Sanderson v. Unilever Supply Chain, Inc.*, No. 10-CV-00775-FJG, 2011 WL 6369395, at *2-3 (W.D. Mo. Dec. 19, 2011) (approving attorneys' fee award of 33.78% of settlement fund); *Wiles*, 2011 WL 2416291, at *4-5 (finding "roughly one-third of the fund" reasonable).

10. Courts may, but are not required to, use the lodestar method to cross-check the fairness of a percentage award. *See Petrovic*, 200 F.3d at 1157 (the lodestar approach is "sometimes warranted to double-check the result of the 'percentage of the fund method'"). Here, the hours and rates of Class Counsel are summarized and submitted for the Court's examination.

4

"[A] court performing a lodestar cross check need not scrutinize each time entry; reliance on representation by class counsel as to total hours may be sufficient." *In re NuvaRing Prods. Liab. Litig.*, No. 4:08 MDL 1964 RWS, 2014 WL 7271959, at *4 (E.D. Mo. Dec. 18, 2014); *accord In re Genetically Modified Rice Litig.*, No. 4:06 MD 1811 CDP, 2012 WL 6085153, at *10 (E.D. Mo. Nov. 2, 2012), *report and recommendation adopted*, No. 4:06MD1811 CDP, 2012 WL 6085141 (E.D. Mo. Dec. 6, 2012), *aff'd*, 764 F.3d 864 (8th Cir. 2014) ("[T]he court may rely on summaries of attorneys and need not review actual billing records."). Should the Court wish to undertake a full lodestar cross-check, Class Counsel will provide more detail upon request.

11. Plaintiffs' Counsel expended a total of 4,342 hours of attorney time as of February 14, 2024. This total does not include the additional time Class Counsel will spend seeking final approval of the settlement and, if final approval is granted, the time expended thereafter during the notice and settlement administration process.

12. Based on the hours expended, and reasonable rates "normally charged in the community where the attorney practices," *In re Genetically Modified Rice Litig.*, 2012 WL 6085153, at *8, Class Counsel's lodestar is at least $1,302,600 using even a below-market-average rate of $300 per hour. The resulting cross-check multiplier is 0.74, which represents a *negative multiplier*, and is well within the range of those applied in comparable cases. *See Rawa v. Monsanto Co.*, 934 F.3d 862, 870 (8th Cir. 2019) ("And while the 5.3 lodestar multiplier is high, it does not exceed the bounds of reasonableness.").

13. The reasonableness of the requested fee award—under either the percentage method or the lodestar method—is supported by the "*Johnson*" factors approved in the Eighth Circuit. *See Barfield*, 2015 WL 3460346, at *5 ("Although the Eighth Circuit 'has not formally established fee-evaluation factors, . . . it has approved consideration of the twelve factors set forth

5

in *Johnson v. Georgia Highway Express*, 488 F.2d 714, 719-20 (5th Cir. 1974).'"). Particularly in light of the significant risks of litigation in this case, the Settlement is an exceedingly good one for the Classes. It provides for significant monetary relief to Settlement Class members, as well as valuable additional consideration and relief. The case was prosecuted on a contingent basis, entailing substantial risk that the litigation would yield little or no recovery or compensation. The factual and legal issues are complex, and Class Counsel expanded significant time, effort, and resources vigorously litigating this case through multiple motions to dismiss, voluminous discovery, a contested motion for class certification, and settlement negotiations. Finally, Class Counsel are highly experienced litigators in complex class-action and/or multidistrict litigation and have been recognized for high-quality work and skill.

14. Finally, Plaintiffs also seek Service Awards in the amount of $7,500 for each of Class Representatives Thomas Baker, Sean Bailey, Nicole Bolden, Allison Nelson, and Umi Okoli (f.k.a. Meredith Walker) for their service in representing and zealously advocating on behalf of Class Members. "Courts often grant service awards to named plaintiffs in class action suits to 'promote the public policy of encouraging individuals to undertake the responsibility of representative lawsuits.'" *Caligiuri v. Symantec Corp.*, 855 F.3d 860, 867 (8th Cir. 2017). The Service Awards requested here are within the range typically approved by courts in this Circuit. *Id.* ("[C]ourts in this circuit regularly grant service awards of $10,000 or greater."); *see, e.g.*, *Webb, et al. v. the City of Maplewood, Missouri.*, No. 4:16-CV-1703-CDP (E.D. Mo.), Dkt. 273 at 11 (awarding each Class Representative a $7,500 service award); *Davis et al. v. City of Normandy, Missouri*, No. 4:18-CV-1514-RLW (E.D. Mo.), Dkt. 118 at 3 (awarding $7,500 service awards to each of four Class Representatives); *Thomas et al. v. City of Edmundson, Missouri*, No. 4:18-CV-2071-RLW (E.D. Mo.), Dkt. 95 at 3 (awarding $7,500 service awards to both Class

Representatives). Such Service Awards are clearly warranted here, where each of the Class Representatives was integral to the investigation and development of the case and complaints, responded to significant written discovery, and was prepared to testify at trial.

WHEREFORE, for the reasons discussed herein and the accompanying Memorandum in support of this motion, the Court should approve Plaintiffs' request for $963,333.33 in attorneys' fees to Class Counsel, $187,196.46 in reasonable costs, and Service Awards of $7,500 for each of the named Plaintiffs.

Dated:  February 16, 2024

Respectfully submitted,

**ArchCity Defenders, Inc.**

By: /s/ *Nathaniel R. Carroll*
Blake A. Strode, #68422MO
Maureen Hanlon, #70990MO
Nathaniel R. Carroll, #67988MO
ARCHCITY DEFENDERS, INC.
440 North 4th Street, Suite 390
St. Louis, MO 63102
Telephone: (855) 724-2489 ext. 1040
Facsimile:  (314) 925-1307
bstrode@archcitydefenders.org
mhanlon@archcitydefenders.org
ncarroll@archcitydefenders.org

Andrea R. Gold (admitted *pro hac vice*)
Leora Friedman (admitted *pro hac vice*)
TYCKO & ZAVAREEI LLP
2000 Pennsylvania Avenue NW, Suite 1010
Washington, DC 20006
Telephone: (202) 973-0900
Facsimile: (202) 973-0950
agold@tzlegal.com
lfriedman@tzlegal.com

Ryan A. Keane, #62112
Tanner A. Kirksey, #72882
KEANE LAW LLC
7711 Bonhomme Ave., Suite 600

        St. Louis, MO 63105
        Telephone: (314) 391-4700
        Facsimile:  (314) 244-3778
        ryan@keanelawllc.com
        tanner@keanelawllc.com

*Counsel for Plaintiffs and the Classes*