UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THOMAS BAKER, *et al.*, Individually and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| CITY OF FLORISSANT, | ) ) |
| Defendant. | ) ) |

Case No. 4:16-CV-1693 RHH

## MEMORANDUM AND ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

This matter is before the Court on Plaintiffs' Motion and Memorandum for Final Approval of Class Action Settlement, and accompanying exhibits (ECF Nos. 293, 294), the proposed Settlement Agreement (ECF No. 287-1), Plaintiffs' Motion and Memorandum for an Award of Attorneys' Fees, Costs, and Service Awards and accompanying declaration (ECF Nos. 290, 291), and all other papers filed in this action. On May 13, 2024, the Court held a Final Approval Hearing to consider the issues presented in the motions and proposed settlement. At that hearing, Class Counsel presented information about the implementation of the Settlement, which was entered into by the Parties on September 20, 2023.

On February 1, 2023, the Court certified the Jailed Classes, Narrowed Paid Fines Class, and Injunctive Classes after contested class certification proceedings. (ECF No. 253.) At that time, the Court also appointed Plaintiffs Thomas Baker, Sean Bailey, Nicole Bolden, Allison Nelson, and Umi Okoli (f.k.a. Meredith Walker) as Class Representatives and appointed Nathaniel Carroll, Maureen Hanlon, and Blake Strode of ArchCity Defenders, Inc., Andrea R. Gold of Tycko & Zavareei LLP, and Ryan Keane of Keane Law LLC as Class Counsel for these Classes. In its

Preliminary Approval Order, the Court also approved the form and manner of the Notice Program and set a hearing date to consider Final Approval of the Settlement.

On January 2, 2024, this Court preliminarily approved this Settlement. (ECF No. 289.) At that time, this Court certified the Remaining Paid Fines Class for settlement purposes and preliminarily appointed Plaintiff Nicole Bolden as Class Representative of the Remaining Paid Fines Class. The Court preliminarily appointed Nathaniel Carroll, Maureen Hanlon, and Blake Strode of ArchCity Defenders, Inc., Andrea R. Gold of Tycko & Zavareei LLP, and Ryan Keane of Keane Law LLC as Class Counsel for the Remaining Paid Fines Class.

The matter, having been submitted and good cause appearing therefore, the Court finds as follows:

1. The Settlement Class Representatives and the Defendant, through their counsel of record in the Litigation, have reached an agreement to settle all claims in the Litigation. The Court recognizes that by entering into the Settlement Agreement, Defendant City of Florissant has not admitted any wrongdoing or liability on its part and denies the same. The Court recognizes that the Settlement Agreement between the Parties is a compromise of disputed claims.

2. All defined terms contained herein have the same meaning as set forth in the final Settlement Agreement executed by the Parties and filed with this Court as Exhibit 1 to the Plaintiffs' Motion for Preliminary Approval of Class Action Settlement ("Settlement Agreement"). (ECF No. 287-1).

3. The Remaining Paid Fines Class, defined as:

> All persons who made a payment of fines, costs, and/or fees to the City of Florissant that were assessed without an inquiry into their ability to pay, and who paid such fines, costs, and/or fees, and such payment was not a qualifying payment for the Narrowed Paid Fines Class,

meets the requirements of Rule 23(a), (b)(3), Federal Rules of Civil Procedure, for settlement purposes only, in that (a) the Remaining Paid Fines Class is ascertainable and so numerous that joinder of all members of the class is impracticable; (b) there are questions of law or fact common to the Remaining Paid Fines Class, and there is a well-defined community of interest among class members of the Remaining Paid Fines Class with respect to the subject matter of the litigation; (c) the claim of the Remaining Paid Fines Class Representative with respect to this Class—Nicole Bolden—is typical of the claims of the members of the Remaining Paid Fines Class; (d) the Class Representative will fairly and adequately protect the interests of the members of the Remaining Paid Fines Class; (e) attorneys Nathaniel Carroll, Maureen Hanlon, and Blake Strode of Arch City Defenders, Inc.; Andrea R. Gold of Tycko & Zavareei LLP; and Ryan Keane of Keane Law LLC are qualified to serve as Class Counsel for the Class Representative in her own capacity as well as her representative capacity and for the Remaining Paid Fines Class; (f) common issues predominate over individual issues; and (g) a class action is superior to other available methods for an efficient adjudication of the Class's claims.

4.   Notice was provided to all persons identified in the Settlement Class member list in accordance with the Court's Preliminary Approval Order by individual mailings to all persons in the Settlement Class who could be reasonably identified. Notice was completed by the administrator, Atticus Administration, LLC ("Atticus"), a nationally known class-administration firm with significant experience. The Court recognizes and approves the content of the Affidavit provided by Atticus regarding the notice attached as Exhibit 1 to the Memorandum in Support of the Motion for Final Approval of Class Action Settlement. (ECF No. 294.) According to Atticus, direct notice was provided via Postcard Notice to over eighty-eight percent of the Class members.

5. Defendant has ensured certain notice of the class action settlement pursuant to the Class Action Fairness Act, 28 U.S.C. §§ 1332(d), 1453, and 1711-1715 was delivered to the Attorney General of the United States and to the appropriate state official in fifty (50) states, the District of Columbia, and Puerto Rico ("CAFA Notice Packets"). (ECF No. 294-1.)

6. The Settlement Administrator confirms that all CAFA Notice Packets were delivered as of September 28, 2024. (ECF No. 294-1.)

7. The Court finds that there were twenty (20) timely opt-outs and zero objections to this settlement. The twenty opt-out Class Members to be excluded from this Settlement and final Judgment are: Adrienne Rainey, Bisola Ajayi, Casey McManus, Ceida Crockett, Craig Painter, Dominique Griggsby, Ebony Whittier, Horly Nunez, Jessica Pudivitr, Jordan Coleman, Karen Kern, Keanna Martin, Kimberly Hoskin, Latoreia Holmes, Lauren Butler, Lily Moazzami, Marlon Thomas, Parish Donald, Scot Schroeder, and William Lee J. (the "Excluded Class Members"). (*See* ECF No. 294-1, Affidavit of Settlement Administrator; Exhibit E to Affidavit of Settlement Administrator.)

8. The Court finds that all aspects of Class Notice were accomplished in accordance with this Court's preliminary approval of the Settlement.

9. Further, this Court hereby finds that all matters ordered by this Court in its Order Granting Preliminary Approval of Class Action Settlement (ECF No. 289) have been accomplished.

10. All requirements of statutes, rules, and the United States Constitution necessary to effectuate the Settlement Agreement have been met and satisfied.

11. Defendant met the requirement of notice to appropriate state and federal officials under the Class Action Fairness Act, 28 U.S.C. §§ 1332(d), 1453, and 1711-1715, and further finds that more than 90 days have elapsed since that notice.

12. Class Counsel have fairly and adequately protected the interests of the Classes. This case is complex and involves questions of constitutional law and interpretation as well as issues of sovereign immunity and municipal liability. Class Counsel worked diligently on the case and moved it towards settlement as quickly as practicable. This was a result of aggressive, persistent litigation over a period of approximately seven years. Further, the benefits to the Classes are significant. Attorneys' fees were negotiated at arms-length and approved by all Parties, including the Class Representatives. There have been no objections submitted by Class Members. Based on the above, the Court finds that the requested attorneys' fees and costs are fair and reasonable and should be paid from the Settlement. The Court finds Class Counsel should be awarded $963,333.33 to satisfy all attorneys' fees and $187,196.46 in litigation costs incurred in bringing this case, as set forth in Plaintiffs' Motion for an Award of Attorneys' Fees, Costs, and Service Awards. (ECF No. 291.) This amount is reasonable given the nature of this case and the work of Class Counsel.

13. The Class Representatives have represented the Classes fairly and adequately, expending significant personal time to work on the case—through, for instance, case investigation, responding to written discovery, submitting to depositions, communicating with Class Counsel, and preparing for trial—to secure relief that will benefit thousands of Class members. Thus, Class Representative Service Awards in the amount of $7,500 per Class Representative pursuant to the Settlement Agreement to Thomas Baker, Sean Bailey, Nicole Bolden, Allison Nelson, and Umi Okoli (f.k.a. Meredith Walker), are fair and reasonable.

14. The Court finds that the settlement of this action, on the terms and conditions set forth in the Settlement Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class members, when considering the merits of Plaintiffs' case, weighed against the terms of the settlement, Defendant's financial condition; the complexity and expense of further litigation; and the lack of opposition to the settlement. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 932 (8th Cir. 2005) (citing *Van Horn v. Trickey*, 840 F.2d 604, 606 (8th Cir. 1988)).

15. The Court has also considered the following factors in finding that the settlement of this action, on the terms and conditions set forth in the Settlement Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the members of the Classes:

(A) the class representatives and class counsel have adequately represented the class;

(B) the proposal was negotiated at arm's length;

(C) the relief provided for the class is adequate, taking into account:

(i) the costs, risks, and delay of summary judgment, trial and appeal;

(ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

(iii) the terms of any proposed award of attorney's fees, including timing of payment; and

(iv) any agreement required to be identified under Rule 23(e)(3); and

(D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

Good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Final Approval of Class Action Settlement [ECF No. 293] and for an Award of Attorneys' Fees, Costs, and Service Awards [ECF No. 290] are **GRANTED**.

**IT IS FURTHER ORDERED** that:

A.  The Settlement Agreement is given final approval as fair, reasonable, and adequate for the settlement of the claims of the Class Members.

B.  The Remaining Paid Fines Class is certified under Rule 23(a), (b)(3), Federal Rules of Civil Procedure, for settlement purposes only. Plaintiff Nicole Bolden is appointed as Class Representative to represent the Remaining Paid Fines Class. Nathaniel Carroll, Maureen Hanlon, and Blake Strode of Arch City Defenders, Inc.; Andrea R. Gold of Tycko & Zavareei LLP; and Ryan Keane of Keane Law LLC are appointed as Class Counsel for the Remaining Paid Fines Class.

C.  The Parties will comply with the terms of the Settlement Agreement with the terms of the Settlement being incorporated in this Order and accompanying Judgment.

D.  All members of the Classes, their heirs, executors, administrators, successors, and assigns are bound by this Final Approval Order and accompanying Judgment. The four Settlement Classes are defined as:

> **The two Jailed Classes, which include**:
>
>> All persons held in the City of Florissant jail on behalf of the City of Florissant for failure to satisfy a bond, fine, fee (excluding "warrant recall fees", "letter fees", and/or "failure to appear fees", as defined in *Watkins v. City of Florissant*, No. 16SL-CC00165 (St. Louis Co. Cir. Ct. filed Jan. 2016)), surcharge, and/or costs without (1) an indigency hearing, (2) a finding that they were a flight risk, or (3) a finding that they were a danger to the community from

> October 31, 2011 to February 1, 2023 (excluding individuals jailed pursuant to a domestic violence hold).
>
> All persons held in the City of Florissant jail, between October 31, 2011 to February 1, 2023, on a Failure to Appear warrant for the City of Florissant who were not brought before a judge for a first appearance or arraignment. This class also does not include individuals jailed pursuant to a domestic violence hold.
>
> **The Narrowed Paid Fines Class**: All persons who paid fines and/or fees to the City of Florissant (excluding "warrant recall fees", "letter fees", and/or "failure to appear fees", as defined in *Watkins v. City of Florissant*, No. 16SL-CC00165 (St. Louis Co. Cir. Ct. filed Jan. 2016)) after being jailed on a warrant issued by Florissant and without an indigency hearing from October 31, 2011 to February 1, 2023.
>
> **The Remaining Paid Fines Class**: All persons who made a payment of fines, costs, and/or fees to the City of Florissant that were assessed without an inquiry into their ability to pay, and who paid such fines, costs, and/or fees, and such payment was not a qualifying payment for the Narrowed Paid Fines Class.

E.  Defendant and Defendant's employees, agents, appointed and elected officials, insurers, indemnitors, contractors, police or other law enforcement officers, corrections officers, prosecutors, city/municipal attorneys, and persons participating in the operation of the Municipal Court within the City of Florissant, including municipal judges, clerks, and other personnel (the "Florissant Released Parties") are released from any and all claims, causes of action, liabilities, and demands, fixed or contingent, that were asserted by the Plaintiffs in this case as described in the Complaint in this action or that could have been, or should have been, asserted in the Complaint by the Plaintiffs or any member of the Settlement Class against the Florissant Released Parties (the "Florissant Released Claims").

F.  In the event that the Effective Date occurs, all Settlement Class Members will be deemed to have forever released and discharged the Released Claims as described in

8

    the Settlement Agreement, ¶¶ 85-86. In the event that the Effective Date does not occur for any reason whatsoever, the Settlement Agreement shall be deemed null and void and shall have no effect whatsoever.

G. Each and every Settlement Class Member is and shall be conclusively and forever bound by the Settlement Agreement. The Settlement Agreement shall be preclusive in all pending and future lawsuits or other proceedings. It shall be binding as to all the Released Claims.

H. Class Counsel and the Class Representatives adequately represented the best interests of the Class for purposes of negotiating, entering into, and implementing the Settlement.

I. Attorney fees of $963,333.33, costs of $187,196.46, and Class Representative Service Award payments of $7,500 per Class Representative are fair and reasonable and should be paid from the settlement pursuant to the terms of the Settlement Agreement.

J. The Court directs the Parties and their counsel to further implement and consummate this Settlement Agreement, the terms and provisions of which are incorporated by reference into this Order and accompanying Judgment. No later than 45 days after the Effective Date, Settlement Class Member Payments shall be made from the Net Settlement Fund. The Settlement Administrator shall issue the Service Awards to the Class Representatives and the award of attorneys' fees and costs to Class Counsel pursuant to the terms of the Settlement Agreement. Settlement Administration Costs shall also be paid to the Settlement Administrator pursuant to the terms of the Settlement Agreement.

9

K. Any residual amounts shall be disposed of in the manner set forth in the Settlement Agreement, including by way of a *cy pres* award to Marygrove, a nonprofit organization providing residential and non-residential mental health support to children in the St. Louis region who have suffered abuse.

L. The Releases in the Settlement Agreement are incorporated into this Order and accompanying Judgment and shall become effective on the Effective Date of the Settlement. Accordingly, except for the twenty (20) individuals identified above who have validly opted out of the Settlement, each and every Settlement Class Member hereby compromises, settles, and releases each and every one of the Released Claims against the Released Parties.

M. In the event that the Effective Date occurs, this action will be deemed resolved and shall be dismissed on the merits with prejudice and (except as provided in this Order or in the Settlement Agreement) without any additional costs and attorney fees to any party as against any other.

N. Without affecting the finality of this Order and accompanying Judgment for purposes of appeal, the Court retains jurisdiction as to all matters relating to the administration, implementation, consummation, enforcement, and interpretation of this Settlement Agreement and this Order, and for any other necessary purpose.

O.  This Order adjudicates all of the claims, rights and liabilities of the Parties to the Settlement, and is intended to be final and immediately appealable. There being no just cause for delay, a separate Judgment will be entered pursuant to Rule 58, Federal Rules of Civil Procedure.

Dated this 13th day of May, 2024.

_____
RODNEY H. HOLMES
UNITED STATES MAGISTRATE JUDGE